500 So.2d 134 (1986)
Johnny Lee KEYS, Petitioner,
v.
STATE of Florida, Respondent.
No. 67504.
Supreme Court of Florida.
December 24, 1986.
*135 James B. Gibson, Public Defender, Seventh Judicial Circuit, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
EHRLICH, Justice.
We have for review Keys v. State, 473 So.2d 800 (Fla. 5th DCA 1985) which directly and expressly conflicts with this Court's decision in Albritton v. State, 476 So.2d 158 (Fla. 1985). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the decision below.
The petitioner, Keys, pled guilty to sexual battery, robbery and aggravated battery. Although the recommended sentence under the sentencing guidelines would have been from twelve to seventeen years incarceration, the trial court departed from the guidelines and imposed a sentence of two hundred and fifteen years. The trial court listed five written reasons for departure: 1) Prior criminal history; 2) escalating course of criminal conduct; 3) victim injury; 4) danger to the community; 5) the defendant's inability to live in an unstructured environment.
The Fifth District Court of Appeal affirmed the judgment and sentence of the trial court, holding that Keys' violation of probation, his escalating course of violent criminal conduct indicating that he is unsuitable for probation or community control, and the facts and circumstances relating to the present offenses provided clear and convincing reasons supporting departure from the guidelines. The court further held that any reference by the trial judge to impermissible reasons for departure did not vitiate the valid reasons and therefore did not require remanding for resentencing.
This standard of review is contrary to our holding in Albritton v. State, 476 So.2d 158 (Fla. 1985), wherein we held that when a departure is grounded on valid and invalid reasons the sentence should be reversed and remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.[1]
Only one of the reasons given by the trial court and approved by the district court is "clear and convincing." In State v. Mischler, 488 So.2d 523 (Fla. 1986), we held that an appellate court's function in a sentencing guidelines case is merely to review the reasons given to support departure and determine whether the trial court abused its discretion in finding those reasons "clear and convincing." Clear and convincing reasons require that the facts supporting the reasons be credible and proven beyond a reasonable doubt. Even if the reason is one which in the abstract may be appropriate for departure, the facts of the particular case must establish the reason beyond a reasonable doubt.
The first reason listed by the trial court, prior criminal history, is an invalid reason because it has already been factored into the guidelines. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The facts pertaining to petitioner's prior history do support the second reason given, escalation of violent behavior. In 1971 Keys was placed on three years probation for breaking and entering with intent to commit a felony. In 1973 his probation was revoked and he was sentenced to eighteen months incarceration. In 1975 he *136 was charged with petty larceny for which he was fined and received a suspended jail sentence. In 1981 he was charged with sexual battery involving the use of a knife which resulted in his pleading guilty to aggravated assault resulting in three years incarceration. He was released in 1983. The instant offenses occurred in 1984 resulting in his pleas of guilty to sexual battery, robbery and aggravated battery. We find that this escalation from crimes against property to violent crimes against persons is a clear and convincing reason for departure and is supported by the facts of this case.
The third reason for departure given by the trial court involved psychological injury to the victim. In Lerma v. State, 497 So.2d 736 (Fla. 1986), we rejected this reason as "nearly all sexual battery cases inflict emotional hardship on the victim." At 739.
The fourth reason cited, danger to the community, is not a clear and convincing reason for departure in this case. We can only observe that proscribed conduct which subjects the actor to criminal sanctions is presumed to be dangerous to the community. There is no record showing here that this particular reason is based upon any facts other than petitioner's previous convictions which have already been factored into the guidelines. Further, to the extent that this reason is based upon the trial court's speculation that petitioner will commit crimes in the future, this does not constitute a valid reason for departure. See, e.g., McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985).
Even assuming that the fifth and final reason cited by the trial court, petitioner's inability to live in an unstructured environment, is a clear and convincing reason, it is unsupported by the facts. It was ten years from petitioner's first felony conviction in 1971 to the next such conviction in 1981. Petitioner's misdemeanor conviction in 1973 does not alter the inapplicability of this reason for departure.
The existence of one valid reason and four invalid reasons and the district court's failure to apply the Albritton standard mandates that we quash the decision under review and remand this case to the district court for proceedings consistent with this opinion.[2]
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
NOTES
[1] Sub judice, the state seeks to avoid our holding in Albritton by arguing there are in actuality only two reasons: 1) An ever increasing pattern of violent criminal activity undeterred by previous punitive efforts; 2) injury far in excess of physical injury, i.e., physical and psychological injury. Even assuming that this is an accurate characterization of the trial court's five written reasons, this does not alter the need for resentencing because of the presence of invalid reasons and the district court's utilization of an incorrect standard of review.
[2] In view of our holding here that reconsideration of this case by the district court is required we do not address petitioner's second argument that, regardless of the reasons given, his two hundred and fifteen year sentence was an abuse of discretion by the trial court. We note, however, that the legislature recently enacted chapter 86-273, section 1, Laws of Florida, which amends section 921.001(5).