PER CURIAM.
The appellant, Alfredo Mitchell, challenges the judgment and sentence entered after he was convicted of robbery. Although several issues have been raised on appeal, we find merit only in the appellant’s contention that the trial court erred in departing from the sentencing guidelines. We, accordingly, affirm his conviction but reverse the departure sentence imposed and remand for resentencing within the guidelines.
The appellant was charged by information with robbery in violation of section 812.13, Florida Statutes (1985). After a jury found the appellant guilty as charged, the trial court sentenced him to ten years in prison. The guidelines sentencing range was three and one-half to four and one-half years imprisonment. This timely appeal followed.
The trial court’s written reasons for departure indicate that the appellant had been convicted of crimes of aggravated assault and retail theft which had been committed approximately one week subsequent to the crime in this case. The trial court went on to say that these crimes were similar and show a pattern of escalating criminal behavior. Timing of the offense, see Franks v. State, 502 So.2d 1369 (Fla. 2d DCA 1987), as well as an escalating course of criminal conduct, see Keys v. State, 500 So.2d 134 (Fla.1986), certainly may be used to support a departure sentence when the appellant is sentenced for the subsequent crimes. Here, however, the appellant committed the robbery before his criminal conduct had “escalated.” Since the appellant’s robbery was not the basis for the trial court's finding, escalating criminal conduct is not supported by the record and, therefore, cannot justify a departure sentence. See State v. Mischler, 488 So.2d 523 (Fla.1986).
Also included in the reasons for departure was the fact that the victim was a woman who was working alone at the time of the robbery and that she quit work after the crime because she did not want to get “hit” again as she had two children who were dependent upon her for support. These reasons are invalid. See Mathis v. State, 515 So.2d 214 (Fla.1987); Early v. State, 516 So.2d 24 (Fla. 3d DCA 1987).
Because we find all of the reasons for departure to be invalid, we remand for sentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987). We affirm the trial court in all other respects.
*343 Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.