## STATE OF FLORIDA v ROGER
### Case No. 86-37540A
Eleventh Judicial Circuit, Dade County
January 26, 1989

### APPEARANCES OF COUNSEL

Assistant State Attorney **Davies,** for plaintiff.
Assistant Public Defender **Galanter,** for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court for sentencing after a finding of violating community control. The defendant was originally sentenced for armed burglary of a dwelling, grand theft and unlawfully possession of a firearm by a convicted felon on July 22, 1987. (See attachments). Such 7 year sentence was mitigated by Judge Goderich to probation with 364 days in jail. The recommended guidelines call for a sentence between 5½ and 7 years.

The Court finds clear and convincing reasons justifying upward departure as follows:

1. Continuous pattern of criminal activity. *See Keys v State,* 500 So.2d 134 (Fla. 1986). (See attachments).

2. The temporal proximity of the prior offense to this offense as well as the proximity from the date of release. *See Williams v State,* 504 So.2d 392 (Fla. 1987). The defendant was placed on community control on October 18, 1988 and the burglary of the dwelling of Lydia Vargas was committed on October 25, 1988. The original armed burglary was committed on December 17, 1986.

3. Failed past rehabilitation and the improbability of future rehabilitation. *See Livingston v State,* 13 FLW. The defendant has been released in the past. The defendant was placed on probation and he violated it and this Court departed downward and placed the defendant on this community control. (See attachments).

4. The prior periods of restraint failed to deter the defendant from committing the same offense. *Stubbs v State,* 13 FLW 654 (March 18, 1988). The underlying offense is not a minor infraction but an egregious one. *Banks v State,* 14 FLW 102 (Fla. 4th DCA 1/4/89).

WHEREFORE, this Court departs from the guidelines and sentences the defendant to incarceration for life. Each reason standing alone is sufficient for the extent of the departure. If all reasons are found to be invalid then the sentence should be one cell departure or 9 years.

DONE and ORDERED this 26th day of January, 1989 in Miami, Dade County, Florida.

---

n1. The Court in imposing life is aware from the Department of Corrections that the defendant's sentence will be computed on 40 years and that he will be released after serving 13 years, including credit for the time served for one year originally.

n2. On February 1, 1989 sentence was reduced on the Court's own motion to 25 years incarceration, since the extent of the departure is not appealable.