ORFINGER, Judge.
After the defendant was convicted of a new substantive offense committed while on probation for earlier offenses, his recommended guidelines sentence was 3½ to 4V2 years’ incarceration. The trial court imposed a sentence of 4¾⅛ years on the new offense, but ordered appellant to he incarcerated for 5 years and 13 months on each of the prior offenses of aggravated battery and possession of a firearm by a convicted felon, concurrent. Defendant is correct that those latter sentences are departures, with no reasons advanced. The trial court could have bumped the sentences one cell upward for violation of probation,[1] but the recommended sentence would then be 4V2 — 5V2 years. The sentences totalling six years and one month exceeded that maximum and constituted an improper departure. We vacate the sentences imposed after revocation of probation (CR 86-3502 and CR 86-4265) and remand the cause for resentencing as to those crimes.
Sentence VACATED; REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.

. Florida Rule of Criminal Procedure 3.701(d)14 provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased the next higher cell (guidelines range) without requiring a reason for departure.