546 So.2d 409 (1989)
William DEWBERRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 73701.
Supreme Court of Florida.
July 20, 1989.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Deputy Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Dewberry v. State, 537 So.2d 669 (Fla. 1st DCA 1989), which conflicts with Lambert v. State, 545 So.2d 838 (Fla. 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the decision of the district court.
Dewberry was adjudicated guilty of possession of cocaine and placed on five years' probation. Following his arrest (without conviction) for sexual battery, the court revoked his probation and, departing from the guidelines range of twelve to thirty months, sentenced him to five years' imprisonment for the original offense based on his probation violation. The district court affirmed, but certified the following question:
WHERE A TRIAL JUDGE FINDS THAT THE UNDERLYING REASONS FOR VIOLATION OF COMMUNITY CONTROL OR PROBATION CONSTITUTE MORE THAN A MINOR INFRACTION AND ARE SUFFICIENTLY EGREGIOUS, MAY HE DEPART FROM THE PRESUMPTIVE GUIDELINES RANGE AND IMPOSE AN APPROPRIATE SENTENCE WITHIN THE STATUTORY LIMIT EVEN THOUGH THE DEFENDANT HAS NOT BEEN "CONVICTED" OF THE CRIMES WHICH THE TRIAL JUDGE CONCLUDED CONSTITUTED A VIOLATION OF HIS COMMUNITY CONTROL OR PROBATION?
We have answered this question in the negative in Lambert. The one-cell bump-up provided for in the guidelines is the only allowable increase. See Fla.R.Crim.P. 3.701(d)(14).
Accordingly, we quash the decision of the district court and remand for resentencing within the guidelines.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents.