548 So.2d 234 (1989)
Aaron HAMILTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 73398.
Supreme Court of Florida.
August 31, 1989.
*235 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We have for review Hamilton v. State, 533 So.2d 926 (Fla. 5th DCA 1988), which conflicts with Lambert v. State, 545 So.2d 838 (Fla. 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the decision of the district court.
Hamilton was convicted of committing several drug offenses and was placed on community control. Following his arrest for barn-burning, the court revoked his community control and, departing from the guidelines range of two-and-one-half to three-and-one-half years, sentenced him to concurrent fifteen-year terms of imprisonment for the drug offenses based upon the barn-burnings. He was later acquitted of the arsons.
In Lambert we held that factors related to violation of probation or community control cannot support departure. The one-cell bump-up provided for in the guidelines is the only allowable increase. See Fla.R. Crim.P.3.701(d)(4). We quash the district court's decision and remand for resentencing within the guidelines.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON and McDONALD, JJ., dissent.