550 So.2d 1176 (1989)
Clayton FERGUSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-932.
District Court of Appeal of Florida, Third District.
October 24, 1989.
Barry Greff and Claire Tacher, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
*1177 PER CURIAM.
Pursuant to our opinion in Ferguson v. State, 537 So.2d 144 (Fla. 3d DCA 1989), the trial judge rendered written reasons for the upward departure sentence previously imposed for several charges as to which the appellant had been placed on probation and then violated its conditions. On the authority of Bell v. State, 545 So.2d 861 (Fla. 1989); Franklin v. State, 545 So.2d 851 (Fla. 1989); and Lambert v. State, 545 So.2d 838 (Fla. 1989), we partially reverse this order. These cases, decided subsequent to the sentencing below, provide that under the circumstances presented here, a sentence imposed upon the revocation of probation may not exceed the one-level step-up in the guidelines provided when such a violation is involved. See Colvin v. State, 549 So.2d 1137 (Fla. 3d DCA 1989); Washington v. State, 549 So.2d 799 (Fla. 5th DCA 1989); Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989). Accordingly, the cause is remanded for the imposition of a sentence within the guidelines as so calculated.