PER CURIAM.
Upon revocation of probation, the trial court sentenced appellant to fifteen years’ incarceration, an upward departure from the sentencing guidelines. Although the trial judge did not provide written reasons for the departure, he stated at the probation revocation hearing that he was exceeding- the recommended sentencing range because appellant violated probation by committing “this egregious offense.” The supreme court subsequently held invalid this *372 reason for departure. See Dewberry v. State, 546 So.2d 409 (Fla.1989); Franklin v. State, 545 So.2d 851 (Fla.1989); Lambert v.. State, 545 So.2d 838 (Fla.1989). See also Williams v. State, 551 So.2d 603 (Fla. 2d DCA 1989).
Accordingly and consistent with the above decisions, we reverse Scott's sentence and remand for resentencing within the guidelines presumptive range, which includes the one-cell increase for violation of probation.
LEHAN, A.C.J., and FRANK and PARKER, JJ., concur.