CAMPBELL, Chief Judge.
Appellant challenges his sentences for possession and delivery of cocaine imposed after revocation of his probation. The guidelines recommendation was for four- and-one-half to five-and-one-half years of incarceration. A one-cell increase for violation of probation would have permitted a five-and-one-half to seven-year sentence. The trial court departed based on written reasons and sentenced appellant to fifteen years incarceration on each count to be served consecutively.
Although the trial court’s written reasons to support departure were valid according to State v. Pentaude, 500 So.2d 526 (Fla.1987), we must reverse these sentences because recent Florida Supreme Court cases have held that, upon a revocation of probation, the trial court is limited to the original guidelines sentence and a one-cell departure for violation of probation. Ree v. State, No. 71,424 (Fla. Nov. 16, 1989) [14 FLW 565]; Dewberry v. State, 546 So.2d 409 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989).
Based on these cases, we reverse and remand for appropriate sentencing.
SCHOONOVER and ALTENBERND, JJ., concur.