553 So.2d 1380 (1989)
Charles MADDOX, Appellant,
v.
STATE of Florida, Appellee.
No. 89-782.
District Court of Appeal of Florida, Fifth District.
December 28, 1989.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.

ON PETITION FOR REHEARING
PER CURIAM.
In view of Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989) which issued since our original opinion, we grant the petition for rehearing, reconsider this case, withdraw our opinion filed November 9, 1989 and substitute the following opinion:
The defendant appeals guidelines departure sentences imposed as to two offenses each a third degree felony involving possession of a controlled substance (Case No. 84-2533 and Count I of Case No. 87-6143). The trial judge gave five reasons for departure:
(1) The defendant's violation of probation was serious, egregious and substantial *1381 not merely technical. This is an insufficient reason under Lambert v. State, 545 So.2d 838 (Fla. 1989) and Branton v. State, 548 So.2d 882 (Fla. 5th DCA 1989);
(2) The defendant committed these offenses of resisting an officer without violence (Case No. 88-7368) while on probation. As these new offenses constituted the violation of the probation in Case No. 84-2533[1] and Case No. 87-6143, the details are merely aspects of the violation of probation and were improper grounds for departure under Lambert and Branton. In Ree it is stated:
We recently held that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines.
* * * * * *
The rationale for our holding in Lambert is, first, that the guidelines do not permit departure based on an "offense" of which the defendant may eventually be acquitted... . Second, even if the defendant has been convicted of the offense, departure is equally impermissible because it constitutes double-dipping. The trial court is imposing a departure sentence for probation violation: simultaneously, the guidelines automatically aggravate the sentence for the separate offense that constituted the violation. Id. Finally, violation of probation is not a substantive offense in Florida and cannot be the vehicle for a departure under the basic policies of the guidelines.... Thus, the trial court erred in imposing any departure sentence greater than the one-cell upward increase permitted by Lambert. (Emphasis in original).
In view of this broad and clear language the timing of the violation of probation, previously approved in Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1985) as a valid ground of departure, no longer appears to constitute a proper ground of departure.
(3) Probation had been imposed and violated twice as to the offense in Case No. 84-2533. While this reason had previously been held to be a valid ground for departure under Adams v. State, 490 So.2d 53 (Fla. 1986), again we read the language in Ree to mean what it states and to encompass, and to eliminate, the Adams exception (although the opinion in Ree does not cite or discuss Adams). Therefore, we hold that under Ree two violations of probation as to the same offense do not justify a departure sentence and that the one cell increase permitted by the sentencing guidelines for a sentence following a violation of probation[2] is the exclusive applicable sentencing factor relating to the effect of a prior violation, or violations, of probation and that no aspect or detail of that probation violation is permissible as a reason for "any departure sentence." See Wright v. State, 14 F.L.W. 2756 (Fla. 5th DCA Nov. 30, 1989).
(4) Failure of past rehabilitation was evidenced by violation of probation and community control. While this reason had previously been held by this court to be a good reason for departure, Ashley v. State, 510 So.2d 970 (Fla. 5th DCA 1987), rev. denied, 519 So.2d 986 (Fla. 1987), again under the broad specific language in Ree this appears to be an improper reason for imposing a departure sentence because the reason also arises out of, and is demonstrated and evidenced by, the violation of probation.
(5) The last reason given was:
The defendant's prior record, as evidenced by the offenses committed in 84-2533 and 87-6143 for which the defendant was on probation, together with the defendant's juvenile record prior to being placed on said probations, coupled with the defendant's prior adult record before being placed on probation therein, as evidenced by the Presentence Investigation in 88-7368, show a continuing, persistent *1382 and escalating pattern of criminal conduct.
Of course the defendant's prior record, being a sentencing guideline factor is not a proper ground for a departure sentence whether or not the offenses involved in the prior record occurred while the defendant was on probation. The two sentences under review were imposed for nonviolent third degree felonies. The defendant's subsequent offenses were for nonviolent first degree misdemeanors. This record does not "indicate an escalating pattern of criminal conduct" as would authorize a departure sentence under section 921.001(8), Florida Statutes, and Keys v. State, 500 So.2d 134 (Fla. 1986).[3]
Accordingly, the departure sentences imposed in Case No. 84-2533 and on the first count in Case No. 87-6143 are vacated and the cause remanded with directions to impose a sentence consistent with the recommended guidelines sentence which itself factors in a one-cell increase for probation violations (Florida Rule of Criminal Procedure 3.701 d.14). See Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH, COBB and COWART, JJ., concur.
NOTES
[1] The defendant was actually on community control in case no. 84-2533.
[2] Florida Rule of Criminal Procedure 3.701 d.14.
[3] See also, Williams v. State, 504 So.2d 392 (Fla. 1987).