COWART, Judge.
This case is very similar to the recent case of Maddox v. State, 553 So.2d 1380 *1039 (Fla. 5th DCA 1989), in that various reasons given for imposing a departure sentence following a violation of community control and probation all, directly or indirectly, are related to the violation of probation, i.e., (1) the defendant, while on probation and .community control, committed offenses; (2) some of the violations of probation and community control were second violations; (3) the timing of the commission of the subsequent offenses which constituted the violation of probation and community control and (4) the failure of past rehabilitation and improbability of future rehabilitation as shown by the fact that the probation and community control which the defendant violated were rehabilitative opportunities which were unsuccessful.
Accordingly, based on Maddox and cases and reasons therein, the departure sentences in this case are vacated and the cause is remanded with directions to impose a sentence consistent with the recommended guidelines sentence which itself factors in a one-cell increase for probation violations (Florida Rule of Criminal Procedure 3.701, subd. d.14.). See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
SENTENCES VACATED; CAUSE REMANDED.
HARRIS and PETERSON, JJ., concur.