SCHEB, Judge.
Defendant Robert Lee, a/k/a Willie Smith, challenges the trial court’s imposition of an upward departure sentence based on his “ever increasing pattern of criminal activity.” This reason is a valid basis for departure from the recommended range of the sentencing guidelines. The record, however, does not support it, and we reverse.
On December 15, 1981, the defendant was charged with grand theft and later failed to appear for trial. After remaining at large for some time, he pled guilty on November 19, 1987 and was sentenced on July 11, 1988. Prior to this offense the defendant had convictions for misdemeanor theft-related offenses and felony grand theft offenses. The defendant also had subsequent convictions for grand theft. A revised guideline scoresheet showed the recommended sentence was two and one-half to three and one-half years. However, the court exceeded the recommended guideline range and sentenced the defendant to five years with credit for time served. The court’s only stated reason for departure was the defendant’s “ever increasing pattern of criminal activity.”
The state argues that departure was based on subsequent unscored convictions, while the defendant contends it was based on an escalating pattern which was not shown. Both situations may present valid reasons to depart. Parker v. State, *483 539 So.2d 1168 (Fla. 1st DCA), review denied, 547 So.2d 1210 (1989). However, contrary to the state’s position, the trial court relied on an escalating pattern when it cited the defendant’s “ever increasing pattern of criminal activity through the years” as its reason to depart, not the number of the defendant’s subsequent offenses. On appeal, we are limited to review of only those reasons for departure enumerated by the trial court, even though the record may reveal reasons for departure which were not expressly cited by the trial court. Casteel v. State, 498 So.2d 1249, 1252 (Fla.1986). Thus, we do not reach the issue of the defendant’s subsequent unscored convictions as a reason to depart.
At the time of this offense the defendant had misdemeanor and felony convictions for theft-related offenses, and all his subsequent convictions were also theft related. The record does not reveal an increase in the nature or degree of these crimes. Although the record may indicate a “pattern,” it fails to demonstrate an “increase” in the seriousness of the defendant’s crimes, without which departure cannot be supported. Keys v. State, 500 So.2d 134 (Fla.1986) (defendant’s crimes escalated from crimes against property to violent crimes against persons); McFadden v. State, 529 So.2d 351 (Fla. 1st DCA 1988). Furthermore, even if an escalating pattern could be shown, it would not be a valid reason for departure as the conduct would have escalated after the commission of this offense. See Mitchell v. State, 521 So.2d 341 (Fla. 2d DCA 1988).
Conviction affirmed, sentence reversed, and remanded for sentencing within the range recommended by the sentencing guidelines.
CAMPBELL, C.J., and DANAHY, J., concur.