COWART, Judge.
The defendant appeals a guidelines departure sentence imposed after a violation of probation. The trial court gave several written reasons for departure. We find the reasons inadequate and vacate the departure sentence.
The trial court’s reason that the defendant’s behavior shows a continuing and persistent and escalating pattern of criminal conduct is not supported by the record. The sentence under review was imposed for a non-violent third degree felony.[1] The defendants subsequent offenses were a non-violent third degree felony [2] and a nonviolent first degree misdemeanor.[3] This record does not “indicate an escalating pattern of criminal conduct” as would authorize a departure sentence under section 921.001(8), Florida Statutes, and Keys v. State, 500 So.2d 134 (Fla.1986). See also Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989).
The other reasons given are based on the defendant’s violation of probation and were used as a basis for a departure sentence greater than the one cell increase in the guidelines provided by Florida Rule of Criminal Procedure 3.701d.l4. Upon revocation of probation, the trial court is limited to the original guidelines sentence and the one cell increase for violation of probation. Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989); Dewberry v. State, 546 So.2d 409 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989); Maddox, supra; Perez v. State, 554 So.2d 14 (Fla.3d DCA 1989); Banks v. State, 553 So.2d 759 (Fla. 2d DCA 1989); Ferguson v. State, 550 So.2d 1176 (Fla. 3d DCA 1989); see also Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989). Therefore, the sentence imposed is vacated and the cause remanded for appropriate re-sentencing.
SENTENCE VACATED; CAUSE REMANDED.
DANIEL, C.J., and SHARP, J., concur.

. Possession of a controlled substance § 893.13(1)(e), Fla.Stat.

. Possession of a controlled substance § 893.13(1)(e), Fla.Stat.

. Use or possession of drug paraphernalia § 893.147(1), Fla.Stat.