COBB, Judge.
This is an appeal from a guideline departure sentence. In 1987 Glenn was sentenced to two years imprisonment, to be followed by five years probation, for drug-related convictions. Forty-one days after his release from prison, he violated probation by failing to submit his monthly report and by possessing paraphernalia.
The trial judge revoked probation, granted 831 days credit for time served, and imposed a ten-year sentence (the guideline range with the one-cell bump was 2½-3½ years incarceration), and set forth four reasons for departure:
(1) violations are substantial and egre-garious (sic);
(2) timing of violation;
(3) failure of rehabilitation; and
(4) guideline sentence meaningless after credit allowed for time served.
We now know that departure cannot be based on factors related to the violation of probation. Hamilton v. State, 548 So.2d 234 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989); Ree v. State, 14 F.L.W. 565, — So.2d - (Fla. Nov. 16, 1989); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989). See also Watson v. State, 558 So.2d 1038 (Fla. 5th DCA 1990).
Accordingly, the sentence below is vacated and this cause remanded for resentenc-ing within the guidelines.
SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
GOSHORN and HARRIS, JJ., concur.