PER CURIAM.
Appellant Tommy Lee Johnson was re-sentenced pursuant to this court’s opinion in Johnson v. State, 517 So.2d 760 (Fla. 2d *1052 DCA 1987).[1] After remand the trial court imposed the same sentence as before, offering the following written justification for departing from the guideline recommendation:
Defendant’s continuing, persistent, and escalating pattern of criminal conduct and his past resistance to rehabilitation clearly establishes that he has a lack of regard for the law and judicial system and is a danger to society, to-wit: past convictions for burglary, aggravated assault, robbery, soliciting prostitution, violations of probation and present convictions of aggravated assault with a firearm and shooting into an occupied dwelling.
We agree with appellant that the trial court’s departure is essentially based upon an “escalating pattern of criminal activity.” This is a permissible reason for departure if factually supported by the record. Keys v. State, 500 So.2d 134 (Fla.1986); Fobelo v. State, 488 So.2d 915 (Fla. 2d DCA 1986). In the present case, however, the record does not show an increase in the seriousness of appellant’s crimes.[2] Therefore, we are compelled to remand for sentencing within the range recommended by the sentencing guidelines. Lee v. State, 556 So.2d 482 (Fla. 2d DCA 1990).
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.

. That reversal was based upon the trial court's failure to provide in writing its reasons for departing from the guideline recommendation. See State v. Jackson, 478 So.2d 1054 (Fla.1985).

. In its brief appellee recites certain egregious facts, brought out at appellant's trial, which might have supported the departure in this case. Regrettably, we are limited to review of only those reasons expressly enumerated by the trial court. Casteel v. State, 498 So.2d 1249 (Fla.1986).