557 So.2d 910 (1990)
Jeffery Anderson TEER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1368.
District Court of Appeal of Florida, First District.
March 5, 1990.
*911 David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Cynthia A. Shaw, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Jeffery Anderson Teer appeals a departure sentence imposed upon revocation of his probation and adjudication of the offense of burglary of a structure. We reverse and remand for resentencing. As reasons for its departure from the sentencing guidelines recommendation the court noted Teer's repeated, persistent pattern of violating his probation and the occurrence of the violations within a short period of time. The recommended guidelines sentence, with a one cell increase for probation violation was community control or 12-30 months incarcertion.
The court's grounds for departure would appear to be valid under Williams v. State, 504 So.2d 392 (Fla. 1987); however, recent decisions apparently compel a contrary result. In Ree v. State, 14 FLW 565 (Fla. Nov. 16, 1989) the supreme court held that any departure sentence for probation violation is impermissible if it exceeds the one cell increase permitted by the sentencing guidelines. In Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989) the defendant had also committed two violations as had Teer, but the court concluded that Ree v. State precluded departure on this basis. Accordingly, we reverse the sentence and remand for resentencing within the guidelines with only the permissible one cell increase for probation violation.
REVERSED and REMANDED.
BOOTH, THOMPSON and NIMMONS, JJ., concur.