560 So.2d 298 (1990)
Tommy Lee SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1044.
District Court of Appeal of Florida, First District.
April 18, 1990.
*299 Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Tommy Lee Sanders appeals his sentence which exceeds the recommended guidelines sentencing range. The issue presented is whether the trial court erred in imposing sentences, the cumulative effect of which constitutes a two-cell increase in the recommended guidelines sentencing range, predicated upon appellant's violation of probation. We reverse.
An information filed October 20, 1988, charged that on September 14, 1988, appellant unlawfully agreed to sell cocaine, and then sold a substance in lieu of said controlled substance. After a jury trial, appellant was found guilty of the sale of a substance in lieu of a controlled substance, a violation of section 817.563, Florida Statutes (1987). On March 9, 1989, sentence was imposed for the 1988 convicted offense, and for violations of probation in case numbers 87-1105 and 87-1106. The violations of probation involved two counts of uttering a forged instrument, for which appellant had served a period of incarceration, followed by a probationary term. Appellant was serving probation for the uttering convictions when he committed the 1988 offense.
Appellant's guidelines score was calculated on a Category 6 scoresheet, pertaining to the offenses of theft, forgery, and fraud. The violations of probation were scored as the primary offenses at conviction. The scoresheet total was 118 points, which translates to a recommended sentencing range of five and one-half to seven years. In addition, the scoresheet contains a notation that as the sentencing involved a violation of probation, the court could impose a sentence within the next higher cell, for a sentence in the seven to nine year range.
During the sentencing proceeding, the prosecutor advised the trial court that, pursuant to the violation of probation, appellant could be sentenced in the nine to twelve year range, resulting in a two-cell increase in the recommended guidelines sentencing range. The trial court accepted the prosecutor's representations in this regard, advising appellant accordingly. The court then inquired whether appellant proposed any corrections or additions to the pre-sentence investigation report. Appellant responded that some of the misdemeanor bad check charges in Georgia which had been attributed to him had actually been committed by his brother. Appellant further stated that he understood the matter had been corrected. However, rather than take the time involved to have the charges verified, appellant elected to go forward with sentencing. The trial court then adjudicated appellant guilty of the 1988 offense, revoked his probation in case numbers 87-1105 and 87-1106, and imposed concurrent five year periods of incarceration for the probation violations, and a consecutive five year period of incarceration for the offense of sale of a substance in lieu of a controlled substance.
The supreme court has stated in unequivocal terms "that any departure for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines." Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), citing Lambert v. State, 545 So.2d 838 (Fla. 1989); Dewberry v. State, 546 So.2d 409 (Fla. 1989) ("The one-cell bump-up provided for in the guidelines is the only allowable increase."); Franklin v. State, 545 So.2d 851, 852 (Fla. 1989). See also Teer v. State, 557 So.2d 910 (Fla. 1st DCA 1990).
In a similar vein, it is an established rule that sentencing errors which are not discernible from the four corners of the record may not be raised on appeal in the absence of a contemporaneous objection. Dailey v. State, 488 So.2d 532 (Fla. 1986). *300 Moreover, it is the state's responsibility to provide "a properly prepared guidelines scoresheet." Brooks v. State, 466 So.2d 1182, 1184 (Fla. 1st DCA 1985). See also Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985).
A review of the foregoing principles demonstrates that the total ten year period of incarceration imposed in this case exceeds the seven to nine year sentencing range allowable on the basis of the scoresheet total. See Ree v. State, 14 F.L.W. at 565; Dewberry v. State, 546 So.2d at 409; Franklin v. State, 545 So.2d at 852, Lambert v. State, 545 So.2d at 841; Teer v. State, 557 So.2d 910 (Fla. 1st DCA 1990). The state tacitly acknowledges the error attendant upon the two-cell increase, but urges the sentence imposed is appropriate when applied to a properly calculated score. As support, the state directs our attention to appellant's prior record as set forth in the pre-sentence investigation report. This report indicates that appellant was previously convicted of twenty-seven misdemeanors, which should have been scored as forty-six points on the guidelines scoresheet, rather than the forty points actually scored. The six-point increase would raise appellant's total score to 124 points, which translates to a seven to nine year sentencing range, with a concomitant one-cell increase to nine to twelve years for the violation of probation.
We are, of course, cognizant of the principle that a decision of the trial court should be affirmed even though it be based upon an improper analysis, so long as the evidence or an alternative theory supports the decision, see Caso v. State, 524 So.2d 422, 424 (Fla.) cert. denied, ___ U.S. ___, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988), yet we find the rule inapplicable in this case. First, it was the state's obligation to provide a properly prepared guidelines scoresheet. See Brooks v. State, 466 So.2d at 1184. The state did not contest the accuracy of the scoresheet point total at the sentencing proceeding, nor is such error apparent upon the face of the scoresheet. Second, the purported computational error which the state now argues should validate the improper two-cell departure sentence in this case concerns points based upon prior misdemeanor offenses which appellant challenged at the sentencing proceeding. In the circumstances, we reject the state's argument that if properly calculated, the scoresheet total would warrant an affirmance in this case.
Accordingly, the cause is reversed and remanded for resentencing, after preparation of a proper guidelines scoresheet. Upon remand, the trial court is directed to require the state to verify the prior misdemeanor offenses challenged by appellant during the sentencing proceeding, and to submit a properly prepared sentencing guidelines scoresheet. The total incarcerative period contemplated by the sentences imposed for the 1988 conviction and the violations of probation may not exceed the one-cell increase permissible under Florida Rule of Criminal Procedure 3.701(d)14.
SHIVERS, C.J., and ZEHMER, J., concur.