COWART, Judge.
The defendant appeals a guidelines departure sentence imposed after a violation of probation.[1] The trial court gave several written reasons for departure. We find the reasons inadequate and vacate the departure sentence.
The trial court’s reason, that the defendant’s prior record showed a continuing and persistent pattern of criminal activity, is not supported by the record. The sentence imposed was for a non-violent third degree felony.[2] The defendant’s pri- *395 or offenses were (1) a non-violent misdemeanor[3] and (2) a non-violent second degree misdemeanor.[4] The defendant’s subsequent offense was a non-violent third degree felony.[5] This record does not indicate an “escalating pattern of criminal conduct” as would authorize a departure sentence under section 921.001(8), Florida Statutes, which defines that term to mean “a progression from nonviolent to violent crimes or a progression of increasingly violent crimes.” [6] See State v. Simpson, 554 So.2d 506 (Fla.1989). See also Lewis v. State, 558 So.2d 170 (Fla. 5th DCA 1990); Johnson v. State, 558 So.2d 1051 (Fla. 2d DCA 1990); Jackson v. State, 556 So.2d 813 (Fla. 5th DCA 1990); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989).
The other reasons given are based on the defendant’s violation of probation and were used as a basis for a departure sentence greater than the one cell increase in the guidelines provided by Florida Rule of Criminal Procedure 3.701d.14. Upon revocation of probation, the trial court is limited to the original guidelines sentence and the one cell increase for violation of probation. Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989); Hamilton v. State, 548 So.2d 234 (Fla.1989); Dewberry v. State, 546 So.2d 409 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989); Watson v. State, 558 So.2d 1038 (Fla. 5th DCA 1990); Ricketson v. State, 558 So.2d 119 (Fla. 5th DCA 1990); Phaneuf v. State, 557 So.2d 685 (Fla. 5th DCA 1990); Glenn v. State, 557 So.2d 667 (Fla. 5th DCA 1990); Jackson, supra; Maddox, supra; Teer v. State, 557 So.2d 910 (Fla. 1st DCA 1990); Perez v. State, 554 So.2d 14 (Fla. 3d DCA 1989); Banks v. State, 553 So.2d 759 (Fla. 2d DCA 1989); Ferguson v. State, 550 So.2d 1176 (Fla. 3d DCA 1989). See also Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), rev. dismissed, 560 So.2d 235 (Fla.1990). Therefore, the sentence imposed is vacated and the cause remanded for appropriate sentencing.
SENTENCE VACATED; CAUSE REMANDED.
GOSHORN and PETERSON, JJ., concur.

. The sentencing document contains a scrivener’s error. In open court the trial judge pronounced sentence of five years incarceration in case number 88-172 and placed the defendant on probation for five years in case number 88-7625. The sentencing document erroneously indicates that the defendant was sentenced to five years incarceration in case number 88-7625 and in a separate document that the defendant was placed on five years probation in case number 88-7625. The sentencing document imposing a sentence of five years incarceration is corrected to reflect that the sentence is imposed as to case number 88-172.

. Attempted burglary of a dwelling, §§ 810.02 and 777.04(4)(c), Fla.Stat.

. Driving under the influence, § 316.193(1), Fla.Stat.

. Driving with a suspended license, § 322.34, Fla.Stat.

. Grand theft of the second degree, § 812.014, Fla.Stat.

.Section 921.001(8), Florida Statutes (1987), effective July 1, 1987, approved Keys v. State, 500 So.2d 134 (Fla.1986) which approved an escalating pattern of criminal conduct as a valid ground for departing from a recommended guideline sentence but the statute also defines and limits the term “escalating pattern.”