566 So.2d 57 (1990)
Richard SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 89-324.
District Court of Appeal of Florida, Fifth District.
August 30, 1990.
*58 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
We affirm Smith's convictions for grand theft,[1] petit theft,[2] and resisting arrest,[3] and other crimes he committed earlier and for which he was placed on probation. He was given a sentence which departed beyond the one-cell bump-up for the old and new crimes combined. We affirm the sentence imposed of ten years followed by five years on probation because at least one reason given for departing beyond the bracket permitted by the one cell bump-up[4] is valid and justified based on this record.
The trial judge gave the following reasons for the departure sentence:
1. The timing of the commission of the offenses in 88-9091 of Grand Theft, Petit Theft, and Resisting an Officer without violence. Specifically, said offenses were committed on November 17, 1988, within approximately 30 days from the date the defendant had been placed on probation in 88-2746 for the offense of Grand Theft, etc. as above described.
2. The nature of the defendant's prior record. Specifically, the defendant had previously committed the offense of Grand Theft in 88-2746 (which as was previously stated the defendant was placed on probation for) and said Grand Theft was motor vehicle grand theft. One of the offenses for which the defendant is currently before the court in 88-9091 is Grand Theft specifically Grand Theft of a Motor Vehicle.
3. The violations of probation are serious and substantial and egregraious [sic] in nature and not merely technical in nature.
4. The defendant's criminal record as evidenced by the offenses in 88-2746 and 88-9091 show a continuing and persistent and escalating pattern of criminal activity.
The first reason, timing of the second group of offenses, has been held insufficient in the context of revocation of probation. See Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989); Ree v. State, 565 So.2d 1329 (Fla. 1990). However, those cases deal with sentences imposed after revocation of probation for the original offense. Here, Smith was being sentenced for new substantive offenses committed thirty days after he was placed on probation. Compare Ree.
We agree that Smith's prior record would be an insufficient reason to depart because prior record is already weighed in the scoresheet under which Smith was sentenced. Further consideration would amount to "double-dipping." Lambert v. State, 545 So.2d 838, 841 (Fla. 1989); Hamilton v. State, 548 So.2d 234 (Fla. 1989). However, a consideration of all of Smith's offenses for which he has been convicted, and a consideration of the "temporal proximity" to his commission of other crimes or his release from prison may be utilized by the trial judge to determine a continuing, persistent or escalating pattern of criminality to support a departure sentence. § 921.001(8), Fla. Stat. (1987); State v. Jones, 530 So.2d 53 (Fla. 1988); Keys v. State, 500 So.2d 134 (Fla. 1986).
In 1989 the legislature incorporated the holding of Keys in section 921.001(8), Florida Statutes (1987).
(8) A trial court may impose a sentence outside the guidelines when credible facts proven by a preponderance of *59 the evidence demonstrate that the defendant's prior record, including offenses for which adjudication was withheld, and the current criminal offense for which the defendant is being sentenced indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes or a progression of increasingly violent crimes.
The question posed by the facts in this case is whether a departure for this reason is limited to a persistent pattern which is also an escalating pattern (as when a defendant moves from property crimes to violent crimes against persons).
Although the legislature has not specifically addressed this question we think that a persistent pattern of criminal behavior in terms of timing alone is a valid basis to impose a departure sentence. See Jones; Tillman v. State, 525 So.2d 862 (Fla. 1988). In Jones, the court said that burglary and grand theft offenses and trafficking in stolen property might qualify as a "specific pattern of criminal conduct" if the offenses had been committed closer in time to one another (10 months and 15 months). In Tillman, the court held that the timing (alone) of the defendant's commission of offenses (4 months and 6 months after release from prison) was a clear and convincing reason to depart upwards from the guidelines sentence.
In the instant case, the three subsequent criminal offenses (grand theft, petit theft and resisting arrest) were committed 30 days after Smith had been released from prison on probation. He had just finished serving time in prison for grand theft, forgery, and fraudulent use of a credit card. The pattern of criminal offenses here is persistent, and close in time, although not "escalating" as described in section 921.001(8). We hold that the trial judge's reason for departure for Smith's persistent pattern of criminal activity was established by the record and is a valid basis for departure. However, in view of the importance of this question in interpreting the sentencing guidelines we certify the following question as one of major importance. Fla. R. App. P. 9.030(a)(2)(A)(v).
MAY A TRIAL JUDGE IMPOSE A DEPARTURE SENTENCE BASED SOLELY ON A PERSISTENT PATTERN OF CRIMINAL ACTIVITY, CLOSELY RELATED IN TIME, ALTHOUGH THE PATTERN IS NOT ESCALATING TOWARDS MORE VIOLENT OR SERIOUS CRIMES?
AFFIRM.
DANIEL, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The defendant pleaded no contest to three offenses (Counts I, V, and VII in case 88-2746), a guidelines scoresheet was prepared, adjudication was withheld and he was placed on probation on October 18, 1988. Apparently he was arrested on November 17, 1988 and charged with three new offenses (Counts I, II and III in case 88-9091). No new scoresheet scoring all five offenses for which defendant was sentenced[1] is contained in the record on appeal but the order giving reasons for departure recites that "the scoresheet ... called for a sentence of 12-30 months' incarceration... ." A departure sentence was imposed as to the five offenses.
The first reason given for the departure sentence is timing based on the fact that the defendant committed the new offenses which violated his probation about 30 days after he had been placed on probation. The time relationship between being placed on probation and the violation of that probation, whether the violation results from the commission of new substantive offenses or otherwise, is but one facet of the probation violation which is itself factored into the determination of the guideline recommended sentencing range by virtue of Florida Rule of Criminal Procedure 3.701d.14. which authorizes a one cell (one guideline range) increase as to sentences imposed after revocation of probation or *60 community control. Any reason which, in substance, is but a facet or aspect or natural part of a larger matter already weighed in the scoresheet in arriving at the recommended guideline sentence cannot reasonably justify a departure from the recommended sentence. This is the essence of the holdings in Ree v. State, 565 So.2d 1329 (Fla. 1990); Lambert v. State, 545 So.2d 838 (Fla. 1989); State v. Mischler, 488 So.2d 523 (Fla. 1986); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989) and numerous other cases.
The defendant was apparently again placed on probation as to 88-2746  Count V  uttering a forgery, a third degree felony, and was sentenced as to the other five offenses as follows: (88-2746  Count I) grand theft, a third degree felony; (88-2746  Count VII) credit card fraud, a first degree misdemeanor; (88-9091  Count I) grand theft, a third degree felony; (88-9091  Count II) petit theft, a first degree misdemeanor; (88-9091  Count III) resisting arrest without violence, a first degree misdemeanor.
In Keys v. State, 500 So.2d 134 (Fla. 1986), the defendant's prior criminal history showed an escalation from crimes against property to violent crimes against persons and was held to justify departure. Section 921.001(8), Florida Statutes, authorizes imposition of a departure sentence when the defendant's prior record, including offenses for which adjudication was withheld, and that current criminal offenses for which the defendant is being sentenced, indicate an escalating pattern of criminal conduct. The statute defines "escalating pattern of criminal conduct" to be one evidenced by a progression from non-violent to violent crimes or a progression of increasingly violent crimes. The defendant's criminal history in this case does not meet the criteria in Keys v. State or the statute[2] and therefore, the departure sentence should be reversed.
NOTES
[1] § 812.014, Fla. Stat. (1987).
[2] § 812.015, Fla. Stat. (1987).
[3] § 843.02, Fla. Stat. (1987).
[4] Fla.R.Crim.P. 3.701d.14.
[1] The defendant was sentenced to probation as to Count V of Case 88-2746.
[2] Compare State v. Vanhorn, 561 So.2d 584 (Fla. 1990) (escalating pattern found where defendant had committed disturbing the peace, then burglary, then burglary of a dwelling with threats and then burglary of a dwelling, assault, aggravated battery and attempted sexual battery) with State v. Simpson, 554 So.2d 506 (Fla. 1989) (Shaw concurring) (no escalating pattern where offenses de-escalated after initial crime, then escalated with present offenses); Jackson v. State, 556 So.2d 813 (Fla. 5th DCA 1990) (no escalating pattern where defendant had been convicted of a non-violent third degree felony and was subsequently convicted of non-violent third degree misdemeanor); and Ramsey v. State, 562 So.2d 394 (Fla. 5th DCA 1990) (no escalating pattern where defendant was sentenced for non-violent third degree felony and prior offenses were non-violent misdemeanor and non-violent second degree misdemeanor and subsequent offense was non-violent third degree felony).