CAMPBELL, Acting Chief Judge.
Appellant, James J. Nixon, challenges his conviction and resulting life sentence for the offense of second degree murder with a firearm. We affirm.
Appellant urges upon us numerous alleged errors which he believes should result in a reversal of his conviction. We disagree and find no substantial merit in any of the issues raised by appellant.
Appellant also argues that the trial judge relied upon improper departure reasons to sentence appellant to life in prison rather than the recommended guidelines sentence of seventeen to twenty-two years. We also find no merit in this alleged sentencing error. When multiple reasons are stated to justify departure, the departure will be upheld when at least one supports departure. § 921.001(5), Fla.Stat. (1987).
The trial judge stated four reasons for the departure sentence imposed, two of which appellant does not challenge. Appellant also argues that the trial judge erred in finding that an escalating pattern of criminal behavior was a valid reason for departure in this case. We disagree with appellant. See Nixon v. State, 572 So.2d 1336 (Fla.1990), cert. denied, — U.S.-, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991); Keys v. State, 500 So.2d 134 (Fla.1986).
We set out in full below the trial judge’s sentencing colloquy:
THE COURT: Very well.
Mr. Nixon, I want you to know that you are probably the most glowing example of the failure of the penal system in the State of Florida. Your record dates back from 1962 when you were ten years old. Since that time, you’ve had four juvenile commitments in the training school and when you became 18 and graduated to the adult system, beginning in 1968 to the present, you’ve spent seventeen and a half of the last 20 years in the state prison.
And still, a few short months after you were released the last time, you cut down, with a .12 gauge shotgun loaded with 00 buck, for no reason or provocation, a 15 year old boy. Granted, I don’t have the facts, but let’s presume he was a dirt bag dope dealer. But you cut him down better than a hammer.
Seven of the nine pellets pierced his body. That’s like being shot seven times with a Count .380 caliber pistol.
It’s shocking to me that I have to sit here and give reasons as to why I’m going to exceed the guidelines in your case. Just so the record is complete, I’m going to sit here and I’m going to relate for this record and whoever wants to read it on up the line, because I’m sure that you will appeal this until I’m probably long dead and gone from old age or whatever, perhaps, so I’ve got to make the record complete.
First of all, you have a longstanding record. Your record shows an ever increasing pattern of criminal activity until finally you’ve worked yourself up to murder. That’s one reason.
The second reason is that you’re a habitual felony offender. You have committed felonies all your life. You haven’t been convicted of all of them, but the record is clear as to what you’ve been convicted for, and you meet the statutory requirements for the habitual felony offender.
The society that we have today deserves the protection against people like yourselves. And for the protection of our social atmosphere here and the public’s safety and welfare of the community, I hereby declare you a habitual felony offender and that’s another reason as to why this Court intends to exceed the guidelines.
This offense occurred not long after you were recently released from a stay in the state prison. That is another reason the Court chooses to exceed the guidelines in your case.
And, then, last of all, this individual that you killed gave you no provocation, gave you no reason, his death occurred over four old Cadillac rims. Because *167 some idiot out there thought it was important to grab himself up his big rough and tough buddies, his hit men to go out and look after him and try to chase down a bunch of kids that stole his Cadillac rims. And when this kid fled to keep from getting beat up by Shed Diggs, and I can’t remember the other guy’s name, Cocaine is his street name, and yourself, you shot him down dead.
Now, regardless of how bad he was, he didn’t deserve that. And that’s my last reason. There was no reason or provocation for the death of this kid over some lousy old Cadillac rims.
Well, it is the sentence and judgment of this Court, after having those reasons stated for the record, that in Case No. 88-2789, second degree murder, the Court adjudicates you to be guilty of that offense and sentences you to serve the rest of your natural life in the state prison.
There is no possible way that any rehabilitative measures that the state can provide can ever make you a social person or make you a person that can live within the rules of society, and whatever, to make you a productive person.
You’ve spent your entire life destroying society and, of course, destroying yourself. And what makes it sadder is that I knew your mother and I know most of your brothers. And your mother was one of the finest ladies I’ve ever known. And how somebody like you could have come from her loins, I’ll never know. God rest her soul, she was a fine woman.
With regard to Case No. 88-2540, the Court adjudicates you to be guilty of those offenses — what are those, possession of—
MR. AHLBRAND: Cocaine and possession of misdemeanor marijuana.
THE COURT: Possession of cocaine, the Court adjudicates you to be guilty and sentences you to five years in the state prison for the same reasons. Of course, the time is to run concurrently.
With regard to possession of paraphernalia—
MR. AHLBRAND: Marijuana, sir.
THE COURT: The Court adjudicates you to be guilty and sentences you to the time you’ve already served.
This does not make me happy to do this, but you leave me no choice. The situation, your record, your actions leave me no choice. It doesn’t make me a happy person.
If you think these are illegal sentences, you have a right to make an appeal. An appeal is filed by filing a written notice with the Clerk of the Circuit Court within 30 days from today. If you require the assistance of counsel, counsel will be appointed for you.
I remand you back to the custody of the Sheriff.
Appellant also challenges his sentence as an habitual felony offender. In this case, we agree that the trial judge erred in using the finding that appellant was an habitual offender as a reason for entering a departure sentence. We also agree that the trial judge erred in finding appellant to be an habitual felony offender based upon his conviction for a life felony offense. We note, however, that the judge was without the benefit of our recent decision in McKinney v. State, 585 So.2d 318 (Fla. 2d DCA 1991), where we held the habitual offender statute inapplicable to life felonies. On remand, any references in the sentencing documents to appellant’s ha-bitualization shall be stricken.
Inasmuch as the trial judge stated valid reasons for a departure sentence, we affirm appellant’s conviction and sentence, and remand for correction of appellant’s sentencing documents by removal of references to appellant’s habitualization.
LEHAN and ALTENBERND, JJ„ concur.