PER CURIAM.
The state agrees with the defendant that the crime for which the defendant was on probation when he violated the conditions of that probation occurred prior to the effective date of the sentencing guidelines permitted range. See Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 522 So.2d 374 (Fla.1988). The trial court erred by finding that it could employ the permitted range to impose defendant’s sentence. Hicks v. State, 543 So.2d 1312 (Fla. 5th DCA 1989).
Nevertheless, the state argues that the court validly departed from the guidelines. The state cites Hicks as authority for allowing a departure from the recommended guidelines if the court supports the departure with written reasons. Here, the sentencing scoresheet contains the notation, “subsequent offenses,” next to the printed notation, “Reasons For Departure.” Notably, the state does not attempt to argue that the departure reason is valid and we hold that the two words are insufficient to support a departure sentence. Also, “new offenses” is an invalid departure reason because the reason did not exist at the time Williams was originally placed on probation. Snead v. State, 616 So.2d 964 (Fla.1993); Williams v. State, 581 So.2d 144 (Fla.1991).
In addition, the one-cell bump up provided for in the guidelines for pre-permitted range scoresheets is the only allowable increase. Hamilton v. State, 548 So.2d 234 (Fla.1989). In Lambert v. State, 545 So.2d 838 (Fla.1989), the supreme court prohibited departure sentences for the original offense after a probation violation where the departure is based on an offense for which the offender has not been convicted or where conviction on the new offense constituting the probation violation is obtained prior to sentencing on the original offense. In Franklin v. State, 545 So.2d 851, 853 (Fla.1989), the supreme court held:
Upon a violation of probation during a probationary split sentence, a trial court may resentence the defendant to any term falling within the original guidelines range, including the one-cell upward increase. However, no further increase or departure is permitted for any reason. Lambert.
We vacate the sentence only in case number 89-962 for which the defendant received a departure sentence of six and one-half years and remand for sentencing within the *562 recommended range with a one-cell bump. The sentences in the remaining cases are affirmed.
REVERSED IN PART; AFFIRMED IN PART.
PETERSON, DIAMANTIS and THOMPSON, JJ., concur.