DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAVIER E. ANDRADE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D21-1472

[October 13, 2021]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tarlika Navarro, Judge; L.T. Case No. 21000792CF10A.

Gordon Weekes, Public Defender, and James K. Rubin, Assistant Public Defender, Fort Lauderdale, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for respondent.

FORST, J.

Petitioner Javier Andrade, charged with attempted burglary of a dwelling, seeks certiorari review of the trial court's order revoking his admission to a drug court pretrial intervention program. The petitioner also requests a writ of mandamus compelling the trial court to admit him to the program. As set forth below, we grant the petitioner's request for a writ of certiorari, deny the request for a writ of mandamus, and remand for further proceedings at the trial court level.

**Background**

After being arrested and charged with attempted burglary of a dwelling, Petitioner sought admission to pretrial intervention drug court. Following a hearing on this request, the trial court found that Petitioner met the criteria for admission and granted his request. This led to a pre-determination hearing before a different judge. The State argued that the purported victim in this case was provided neither notice nor an opportunity to be consulted regarding her view on Petitioner's participation

in a pretrial diversion program, in violation of section 960.001(1)(g)1.c., Florida Statutes (2020).[1]  The second judge agreed, and the purported victim was permitted to testify at the pre-determination hearing.  She urged the court to exclude Petitioner from acceptance to the drug court program, based on the history and severity of Petitioner's conduct directed toward the purported victim.

After hearing this testimony, the trial court denied Petitioner's request for admission to the drug court program, finding "due to the charge and the victim's objections the defendant *is not eligible* for drug court over defense objection" (emphasis added).  This ruling is the subject of Petitioner's challenge.

## Analysis

"To obtain certiorari relief, a petitioner must demonstrate that the order in question departs from the essential requirements of law, and that the petitioner . . . has suffered irreparable harm."  *Simeone v. State*, 276 So. 3d 797, 803 (Fla. 4th DCA 2019).

We find no error in the trial court permitting and considering the purported victim's testimony at the second hearing.  However, although a victim's objections must be heard and considered, they are not determinative.

Section 948.08(6)(b), Florida Statutes (2020), provides the criteria "for voluntary admission into a pretrial substance abuse education and treatment intervention program, including a treatment-based drug court program."  A defendant is *eligible* for voluntary admission if he or she:

> 1. Is identified as having a substance abuse problem and is amenable to treatment.

---

[1] Section 960.001(1)(g)1.c., Florida Statutes (2020) provides:

> In addition to being notified of s. 921.143 [permitting victims the opportunity to appear before the sentencing court to make a statement or to submit a written statement to be filed with the sentencing court], the victim of a felony involving physical or emotional injury or trauma . . . shall be consulted by the state attorney in order to obtain the views of the victim . . . about the disposition of any criminal or juvenile case brought as a result of such crime, including the views of the victim or family about[] . . . [p]articipation in pretrial diversion programs[.]

2. Is charged with a nonviolent felony.

3. Has never been charged with a crime involving violence, including, but not limited to, murder, sexual battery, robbery, carjacking, home-invasion robbery, or any other crime involving violence.

4. Has two or fewer felony convictions, provided that the prior convictions are for nonviolent felonies.

§ 948.08(6)(b)1.–4., Fla. Stat. (2020). The "pretrial intervention program" statute further provides that, "[f]or purposes of this subsection, the term 'nonviolent felony' means a third degree felony violation of chapter 810 or any other felony offense that is not a forcible felony as defined in s. 776.08." § 948.08(6)(a), Fla. Stat. (2020).

With the possible exception of section 948.08(6)(b)1., Petitioner meets the eligibility requirements. Although the State argues that "attempted burglary of a dwelling" is *not* a "nonviolent felony," it is "a third degree felony violation of chapter 810" and thus a "nonviolent felony" per section 946.08(6)(a). *See Bergin v. State*, 109 So. 3d 300, 300 (Fla. 4th DCA 2013) (attempted burglary of a dwelling is a third degree felony); *Ramsey v. State*, 562 So. 2d 394, 394 n.2 (Fla. 5th DCA 1990) (noting that attempted burglary of a dwelling is a "non-violent third degree felony" under section 810.02, Florida Statutes); *Butler v. State*, 513 So. 2d 780, 780 (Fla. 1st DCA 1987) (same).

If the trial court determines that Petitioner meets all of section 948.08(6)(b)'s eligibility requirements, including section 948.08(6)(b)1., "[u]pon motion of either party or the court's own motion, and with the agreement of the defendant, the court *shall* admit an eligible person into a pretrial substance abuse education and treatment intervention program . . . ." § 948.08(6)(c), Fla. Stat. (2020) (emphasis added). This is subject to three exceptions that neither party contends are applicable here. Thus, if Petitioner met the eligibility requirements of section 948.08(6)(b), the trial court *shall* admit him into the program, regardless of the inclinations of either the purported victim or the trial court.

### Conclusion

Petitioner has established that the trial court departed from the essential requirements of law by finding, "due to the charge and the victim's objections," that he was "*not eligible* for drug court" (emphasis added). If Petitioner meets the eligibility criteria and does not fall under any of the three exceptions set forth in section 948.08(6)(c)1.–3., the trial

court lacks the authority to exercise its discretion and exclude Petitioner from the program.

Due to the failure to provide notice to the purported victim which led to her absence at the initial hearing, and the flawed nature of the trial court's ruling following the second hearing, the most appropriate course of action is to grant Petitioner's request for a writ of certiorari, deny the request for a writ of mandamus, and remand for a *de novo* hearing on Petitioner's request to be placed in the drug court pretrial intervention program, with the purported victim afforded her rights under section 960.001(1)(g)1.c.

*Petition for writ of certiorari granted and remanded for further proceedings.*

WARNER and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***