490 So.2d 226 (1986)
Michael L. BEXLEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-1641 to 85-1645.
District Court of Appeal of Florida, Second District.
June 25, 1986.
*227 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
Appellant, Michael L. Bexley, appeals from nine concurrent thirty-month sentences imposed upon him for violating probation. Although we find no merit to appellant's contention that the trial court erred in finding him guilty of violating probation, we agree that the trial court erred in sentencing appellant and therefore remand for resentencing.
Appellant was originally charged by five separate informations with nine counts of uttering a forged instrument in violation of section 831.02, Florida Statutes (1983), and eight counts of grand theft in violation of section 812.014(2)(b), Florida Statutes (1983). All of the crimes were alleged to have occurred prior to October 1, 1983. Appellant pled guilty to the nine counts of uttering a forged instrument, and the grand theft charges were nol-prossed. Appellant was then placed on concurrent terms of five years probation on each of the charges.
In December of 1984, appellant was charged with violating his probation by failing to file monthly reports, failing to pay costs of supervision, and untruthfully answering questions from his probation officer. On January 4, 1985, appellant appeared before the trial court and admitted *228 these violations. At that time, the court, without objection, continued sentencing until June 14, 1985. Prior to sentencing, appellant was again charged with violating three more conditions of probation by failing to pay costs of supervision, failing to make proper restitution payments, and failing to follow an instruction of his probation officer. On June 14, 1985, appellant was placed in jail and the matter was continued until July 12, 1985. On that date, after the court announced it was going to depart from the guidelines, it took testimony from appellant's probation officer concerning the subsequent violations. The court then revoked appellant's probation and, after a discussion of the guidelines scoresheet, stated it was going to depart from the guidelines, set forth reasons for departure, and sentenced appellant to serve nine concurrent thirty-month sentences. Appellant filed timely notices of appeal in each of the cases, which were then consolidated by this court.
Appellant first contends there was insufficient evidence to sustain his revocation based upon the second set of violations. We agree. See Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979) (failure to show appellant had the ability to pay the monetary requirements); Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982) (failure to show appellant willfully intended not to follow his probation officer's instruction). We note, however, that appellant did not have his probation revoked because of those charges. A review of the proceedings clearly indicates that appellant's probation was revoked on the basis of his pleading guilty to the first set of violations. At sentencing, the court considered the evidence of subsequent violations only to assist it in determining the proper sentence to be imposed. Therefore, as the transcript of appellant's sentencing hearing indicates, the trial court did not err in revoking appellant's probation based upon his admitting the first three violations.
In entering the written orders revoking appellant's probation, however, the court erred in stating that probation was revoked because of the subsequent violations. As the written order must conform to the court's oral pronouncement, we remand for correction of the clerical error. See Clarke v. State, 453 So.2d 488 (Fla. 2d DCA 1984). Upon remand, proper written orders revoking appellant's probation on the basis of his earlier guilty plea should be entered.
Appellant next contends that the trial court erred in sentencing him pursuant to the sentencing guidelines, Florida Rule of Criminal Procedure 3.701. We agree. Because all nine offenses occurred prior to October 1, 1983, the sentencing guidelines could only be applied if the appellant affirmatively selected to be sentenced under them. Although appellant did not object to the imposition of a sentence under the guidelines, he did not affirmatively select to be sentenced under them. Neither his silence, nor the discussion of a scoresheet presented pursuant to the rule, can constitute a clear and unequivocal selection to be sentenced under the guidelines. Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985).
Since the record does not reflect a clear and unequivocal selection by the appellant, we must reverse and remand for resentencing. At resentencing, the appellant may affirmatively select to be sentenced under the guidelines. If he does not, the court must resentence him according to the law in effect prior to the adoption of the guidelines. Cahill.
Reversed and remanded.
LEHAN and FRANK, JJ., concur.