PARKER, Judge.
L.H. Reynolds appeals from the summary denial of a motion “for correction, modification, or clarification of sentence.” Reynolds’ motion is not to challenge or reduce the sentence, but seeks only to clarify the sentencing papers in order to insure that the prison authorities correctly interpret those documents. Because Reynolds fails to set forth adequate grounds for relief in his motion, we affirm.
In his motion, Reynolds alleges that he was sentenced to thirty (30) years incarceration. Thereafter, Reynolds alleges:
1. No sentencing guidelines scoresheet was prepared nor filed “to defendant’s knowledge”;
2. Various classification officers within the Department of Corrections disagree as to whether Reynolds’ sentence is intended to be an “old system” sentence or a “guidelines system sentence”.
First, we note that Reynolds’ motion lists circuit court case number 75-6539, indicating an offense occurring in 1975 or earlier. If that is correct, Reynolds would not be entitled to sentencing guidelines, unless at sentencing, which occurred on June 14, 1985, Reynolds affirmatively elected to be sentenced under the sentencing guidelines. See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). See also Bexley v. State, 490 So.2d 226 (Fla. 2d DCA 1986). Reynolds does not allege that he made such a request. Secondly, Reynolds does not positively assert that no guidelines sheet was completed. Third, Reynolds does not challenge the length of his sentence.
Accordingly, Reynolds’ motion is denied. It appears his remedy for any denial of a clear legal right within the prison system based upon a confusion in his sentencing papers would be through a petition *1009 for a writ of mandamus. See Hall v. Key, 476 So.2d 787 (Fla. 1st DCA 1985).
RYDER, A.C.J., and FRANK, J., concur.