553 So.2d 365 (1989)
Samuel WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2188.
District Court of Appeal of Florida, Fifth District.
December 7, 1989.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Williams appeals from an order revoking his probation and the imposition of two concurrent sentences of thirty months for his prior convictions.[1] He argues that the trial court erred in revoking his probation solely on the basis of hearsay evidence, which would not have been admissible at a trial. We agree and quash the order and sentences.
The facts in this case are not in dispute. Condition six of Williams' probation required:
6. You will not use intoxicants; nor will you visit places where intoxicants, drugs or other dangerous substances are sold, dispensed or used.
A urinalysis test taken from Williams at random, pursuant to his probation supervision, proved positive for cocaine and cannabis. Based on the positive lab report, Williams' probation officer filed his violation affidavit.
At the revocation hearing, the probation officer testified he witnessed the obtaining *366 of the urine sample from Williams and the chain of custody of the sample until it was delivered to the Smith Kline Laboratory. The state then sought to introduce into evidence the lab test results which the probation officer had received from Smith Kline. No other witness who could authenticate the lab test, or who performed the test, was offered by the state.
The court admitted the lab test results into evidence over defense counsel's objection that they constituted hearsay and were not properly authenticated. Defense counsel also argued that even though hearsay evidence is admissible at revocation hearings, such evidence alone is insufficient to prove a violation of probation.
Clearly, the lab test report, standing alone, is hearsay. Although it may be admitted at a revocation hearing, it alone cannot be the basis to find a violation. Purvis v. State, 397 So.2d 746, 747 (Fla. 5th DCA 1981); Johnson v. State, 378 So.2d 108 (Fla. 5th DCA 1980).
Clark's chain of custody testimony as to the sample is not sufficient to remove the lab test result (performed by another person in another city) from the category of hearsay, normally inadmissible in evidence at trial. This case is different from Young v. State, 519 So.2d 719 (Fla. 5th DCA 1988), quashed on other grounds, sub nom., Hamilton v. State, 548 So.2d 234 (Fla. 1989), and Hayes v. State, 345 So.2d 765 (Fla. 4th DCA 1977), because in those cases, in addition to the lab tests, police officers testified they made positive field tests on the illegal substances seized at the time of the arrests. The lab tests were not the only evidence of the violations in Young and Hayes.
Lab tests or other kinds of hearsay evidence may be admissible pursuant to various exceptions to the hearsay rule. See, e.g., § 90.803(6), Fla. Stat. (1987). In such a case, evidence properly admitted pursuant to such an exception, could sustain an order revoking probation. See Walker v. State, 426 So.2d 1180 (Fla. 5th DCA 1983).[2] However, as the record in this case demonstrates, no effort was made to authenticate the lab report as a business record; nor was any other exception to the general rule excluding hearsay evidence established.
Accordingly, we quash the order of revocation and the judgment and sentences imposed.
REVERSED.
DANIEL, C.J., and COBB, J., concur.
NOTES
[1] Forgery; section 831.01, Florida Statutes (1987); uttering a false or forged instrument, section 831.02, Florida Statutes (1987).
[2] See also Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988).