679 So.2d 50 (1996)
Willie James MONROE, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 95-2526.
District Court of Appeal of Florida, First District.
August 30, 1996.
*51 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this appeal and cross-appeal, the parties assert various errors in the trial court's order revoking appellant's probation. Appellant argues that the record did not support the following violations: (1) failure to file timely reports with his probation officer; (2) failure to pay the costs of supervision; and (3) failure to undergo drug and alcohol evaluation. The state, on cross-appeal, asserts error in the trial court's exclusion of a positive "in-office" drug test performed by appellant's probation officer which established a violation of the condition that appellant live without violating the law. Although we affirm the finding that appellant violated his probation, we must remand the case for entry of a proper written revocation order. The cross-appeal is not dispositive given the presence of valid grounds for revocation.
Approximately 13 months into his 18-month probationary term, the appellant was alleged to have violated the following conditions of probation:
(1) Not later than the fifth day of each month, you will make a full and truthful report to your officer on the form provided for that purpose.
(2) You will pay the State of Florida the amount of Fifty Dollars ($50.00) per month toward the cost of your supervision, unless otherwise waived in compliance with Florida Statutes.
(5) You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation.
(10) You will pay restitution, costs and/or fees in accordance with the attached orders.
(11) You must undergo a drug/alcohol evaluation, and if treatment is deemed necessary, you must successfully complete the treatment.
Following a hearing, the trial court orally announced its conclusion that appellant was guilty of violating conditions (1), (2) and (11). As for condition (10), Judge Hess found no evidence indicating the appellant had the ability to pay in excess of $300 in court costs. Judge Hess also found that the state "failed to produce admissible evidence" supporting a violation of condition (5) where it was alleged that appellant had used cocaine. Despite these findings, the trial court entered a written order concluding that appellant violated all of the conditions set out above "as set forth in the Violation of Probation Affidavit."
We affirm the revocation to the extent that it was based upon violations of conditions (2) and (11).[1] Appellant has argued that he could not be found to have violated condition (2) because there was no evidence that he was able to pay the cost of supervision, and further, that such a finding would contradict the trial court's conclusion that he did not have the ability to pay the required court costs. We reject this argument, given the fact that appellant had $50 in his possession at the time he was arrested on the warrant for violating his probation, which sum would have been sufficient to pay his *52 current cost of supervision. That appellant was unable to pay in excess of $300 in court costs did not establish his inability to pay $50 for his cost of supervision. Concerning condition (11), the record established appellant's decided unwillingness to submit to drug and alcohol evaluation or treatment. Consequently, appellant cannot argue that no violation could be found because the probation order did not specify a time period for compliance. See Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992); cf. Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995).
Although we affirm the revocation based upon the presence of these valid grounds, we must remand the case for entry of a proper written revocation order setting forth the conditions of probation appellant was found to have violated. See Bloodworth v. State, 672 So.2d 56 (Fla. 1st DCA 1996).[2]
AFFIRMED and REMANDED, with directions.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.
NOTES
[1] As for appellant's failure to file timely reports, the probation officer apparently accepted the reports, one of which was filed five days late, and another only one day overdue. The state seems to concede, and we agree, that this violation alone would not be a sufficient basis for revocation. See Glenn v. State, 558 So.2d 513 (Fla. 2d DCA 1990). Given the presence of additional, valid grounds for revocation, appellant's failure to timely report is not dispositive.
[2] The state's cross-appeal is not essential to our holding. However, we note that the trial court erroneously excluded a hearsay report from an outside lab establishing appellant's positive drug test. Because the probation officer testified that he performed a positive "in-office" test on appellant, the outside lab report was not the sole evidence of appellant's drug use. Consequently, the hearsay lab report was admissible. See Hayes v. State, 345 So.2d 765 (Fla. 4th DCA 1977); cf. Williams v. State, 553 So.2d 365 (Fla. 5th DCA 1989) (outside lab reports were inadmissible hearsay where they were the only evidence establishing the defendant's drug use, and there was no field test performed as in Hayes).