908 So.2d 556 (2005)
Jerry McNEIL a/k/a Jerry McNeal, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3605.
District Court of Appeal of Florida, Second District.
August 10, 2005.
*557 James Marion Moorman, Public Defender, and Craig J. Trocino, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Jerry McNeil, a/k/a Jerry McNeal, challenges the trial court order revoking his probation and sentencing him to thirty-six months in prison. We affirm but remand for the entry of a corrected written order of revocation of probation.
The trial court's written order of revocation does not correctly reflect the court's oral pronouncement as to the conditions of probation that the court found that McNeil had violated. The trial court orally found that McNeil violated conditions 2, 37-41, 43, and 47. However, the written order incorrectly stated that McNeil violated conditions 3, 37-41, and 42-47. Because the oral pronouncement controls, see Bexley v. State, 490 So.2d 226 (Fla. 2d DCA 1986), and the State has conceded error, we remand for correction of the written order to conform with the oral pronouncement. See Cunningham v. State, 818 So.2d 685 (Fla. 2d DCA 2002).
We also remand for entry of a finding that McNeil had the ability to pay certain costs that the court imposed. Although McNeil argues on appeal that the trial court's failure to make a finding that he had the ability to pay those costs requires reversal of the revocation based on his failure to pay the costs, we cannot *558 agree. Pursuant to McQuitter v. State, 622 So.2d 590, 592 (Fla. 1st DCA 1993), "where the record would support a finding of ability to pay, it is appropriate to remand for the purpose of permitting the trial court to make the required finding."
In the instant case, the State introduced evidence that McNeil had held a paying job in December 2003. However, by McNeil's own admission at the revocation hearing, he voluntarily quit that job, leaving him unemployed and without funds to pay the costs involved. Pursuant to section 948.06(5), Florida Statutes (2003), once a probationer asserts the inability to pay, he or she must prove by clear and convincing evidence that he or she does not have the present resources available to pay despite "sufficient bona fide efforts legally to acquire the resources to do so." Because defense counsel failed to attempt to rehabilitate McNeil by showing that he had made bona fide efforts to acquire the resources to pay, we conclude that the record supports a finding that McNeil had the ability to pay the costs. Accordingly, the trial court did not err in revoking McNeil's probation based on his failure to pay the contested costs. Because this record would support a finding that McNeil had the ability to pay, we remand for the entry of such a finding in the corrected written order of revocation.
Affirmed; remanded for entry of corrected order of revocation of probation.
WHATLEY and LaROSE, JJ., Concur.