920 So.2d 683 (2006)
Anthony K. RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2630.
District Court of Appeal of Florida, Fifth District.
January 20, 2006.
Rehearing Denied February 10, 2006.
James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant's probation was revoked based on proof that he battered his pregnant girlfriend. He raises three grounds on appeal, but only two grounds, both of which challenge the use of hearsay evidence to prove the violation, merit discussion.
*684 Sheriff's Deputy Torrellas provided the only testimony in support of the sustained charge. He testified that he responded to a gas station at the request of the victim. There, she explained that, during an argument with Appellant, he had grabbed her by the hair and struck her on the neck. After the victim escaped Appellant's grasp, she called sheriff's deputies, and Appellant left the area in her car. The victim told Torrellas she was pregnant. Torrellas described her demeanor as nervous and scared. He observed a red mark on the back side of her neck, which appeared to have been caused by a fist. The victim provided a written statement confirming the story, which was also received as evidence.
When Deputy Torrellas later contacted Appellant, he told the deputy that he "doesn't hit [the victim], he just roughs her up." He also acknowledged that the victim was pregnant but questioned whether he was the father of her unborn child.
As his first point, Appellant contends that his probation was improperly revoked because the revocation was based solely on otherwise inadmissible hearsay evidence. In response, the State argues that the hearsay evidence was corroborated by the officer's observations of the injury, the agitated state of the victim and the admissions of Appellant.[1]
Although not cited by either party, our resolution of this issue is controlled by our decision in Arndt v. State, 815 So.2d 674 (Fla. 5th DCA 2002), wherein we concluded that the hearsay statements of the battery victim, coupled with the officer's observation of injury, were sufficient to prove a probation violation. See also Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999) (evidence of struggle, victim injury and victim's emotional state sufficient to corroborate hearsay testimony of battery), another case not cited by either party.[2]
Appellant also argues that, the foregoing notwithstanding, the admission of the hearsay statements of the victim violated his Sixth Amendment right of confrontation as construed in the recent holding of the Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This appears to be a case of first impression in Florida but the thrust of the decisional law from other jurisdictions on this point leads to the conclusion that Crawford does not apply to probation revocation proceedings. We agree with the analysis of the Sixth Circuit Court of Appeals on this point:
It is an open question in this circuit whether the rule announced in Crawford applies to revocation of supervised release hearings. Two circuits have held that Crawford does not apply to these hearings. In United States v. Martin, the Eighth Circuit reasoned that Crawford *685 did not apply during a revocation hearing because "the constitutional standard applicable in this type of post-conviction revocation hearing will sometimes permit the admission of evidence that would otherwise be inadmissible in a criminal prosecution." 382 F.3d 840, 844 (8th Cir.2004). In United States v. Aspinall, the Second Circuit declined to apply Crawford in the context of a revocation hearing. 389 F.3d 332 (2d Cir. 2004), abrogated on other grounds as recognized in United States v. Fleming, 397 F.3d 95, 99 n. 5 (2d Cir.2005). The court held that the Confrontation Clause by its terms applied only to criminal prosecutions. Id. at 342-43. It relied on the Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which established that revocation hearings are not criminal prosecutions and therefore the defendant was not entitled to the "full panoply of rights due a defendant" in criminal proceedings. Id. at 342 (quoting Morrissey, 408 U.S. at 480, 92 S.Ct. 2593).
We agree with the Second and Eighth Circuits and hold that Crawford does not apply to revocation of supervised release hearings. In so holding, we are persuaded by the following considerations. First, Crawford was an interpretation of the Sixth Amendment. The text of the Sixth Amendment specifically states that it applies "[i]n all criminal prosecutions." In Morrissey, the Supreme Court observed that "there is no thought to equate ... [a] parole revocation to a criminal prosecution in any sense." 408 U.S. at 489, 92 S.Ct. 2593; see also Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ("Probation revocation, like parole revocation, is not a stage of a criminal prosecution...."). Further, we have held that Confrontation Clause protections do not extend to sentencing hearings. United States v. Silverman, 976 F.2d 1502, 1514 (6th Cir.1992) (en banc) (discussing the "inapplicability of the Confrontation Clause to the sentencing procedure"). This precedent establishes that the protections of the Sixth Amendment do not extend to revocation hearings or other sentencing proceedings. Second, it is well-established that the court may consider evidence at a revocation hearing that would be inadmissible in a criminal prosecution. Morrissey states that the parole revocation process "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." 408 U.S. at 489, 92 S.Ct. 2593. Courts holding revocation hearings consistently have been able to "consider hearsay if it is proven to be reliable." United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991). Finally, there is no indication that the Supreme Court intended Crawford to apply to revocation hearings or that the Supreme Court intended to overrule Morrissey.

U.S. v. Kirby, 418 F.3d 621, 627-628 (6th Cir.2005). Accord, United States v. Morris, 140 Fed.Appx. 138, 143 (11th Cir.2005); State v. Abd-Rahmaan, 154 Wash.2d 280, 291, 111 P.3d 1157 (2005); Marsh v. State, 818 N.E.2d 143, 147 (Ind.App.2004).
AFFIRMED.
SHARP, W., and LAWSON, JJ., concur.
NOTES
[1] Although admissions may be used to corroborate otherwise inadmissible hearsay in a probation violation proceeding, here the admissions were not probative of the issues in dispute. Appellant's confirmation that the victim was pregnant, while relevant to the crime charged, did not tend to prove that a battery had occurred. As to Appellant's comment that he "roughs up" the victim, the admission was exculpatory as to the particular offense charged. Therefore, we have considered the sufficiency of the evidence without regard to the admissions.
[2] We acknowledge what appears to be contrary authority on this point in Santiago v. State, 889 So.2d 200 (Fla. 4th DCA 2004), Colwell v. State, 838 So.2d 670 (Fla. 2d DCA 2003) and Blair v. State, 805 So.2d 873 (Fla. 2d DCA 2001). Again, not one of these cases was cited by either party. Counsel are admonished to be more thorough with their research. A court's ability to do justice is often dependent upon competent advocacy.