919 So.2d 624 (2006)
Robert Sheldon PETERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2642.
District Court of Appeal of Florida, First District.
January 24, 2006.
*625 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant argues that the admission of a business record of an independent laboratory at a community control revocation hearing violated his constitutional right to confrontation as set forth in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We reject that contention because Crawford did not abrogate the rule enunciated by this court in Davis v. State, 562 So.2d 431 (Fla. 1st DCA 1990), that written laboratory reports from independent labs setting forth the results of drug tests are admissible in community supervision revocation proceedings.
In July 2003, the trial court placed appellant on twelve months' community control in lieu of a suspended sentence of twenty-four months in state prison. Condition (6) of appellant's community control stated: "You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used."
In April 2004, the State charged appellant with having violated his community control by failing drug tests for amphetamines and methamphetamines. At the violation hearing, appellant's community control officer testified that in April 2004 appellant had provided her with a urine sample upon request; she sent the sample for testing to PharmChem, a laboratory used statewide by the Department of Corrections; and the results of the test were positive for amphetamines.
A "Certification and/or Declaration of Authenticity as Business Record pursuant to 90.803(6) Fla. Evid.Code" was presented with PharmChem's lab report of the results of the drug test in lieu of testimony from the custodian of PharmChem's records. Such a certification or declaration is an acceptable means of authenticating a business record under a 2003 legislative amendment to the business records exception to the hearsay rule. See ch. 2003-259, § 2, at 1299, Laws of Fla.; see also § 90.803(6)(a), Fla. Stat. (2003) (providing for admission of business records upon testimony of the custodian of the records, "or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11)").[1]
Defense counsel objected to the trial court's consideration of the written results of PharmChem's analysis on grounds that the admission of the results violated appellant's right to confrontation as set forth in Crawford and because under Monroe v. *626 State, 679 So.2d 50 (Fla. 1st DCA 1996), and Williams v. State, 553 So.2d 365 (Fla. 5th DCA 1989), hearsay evidence cannot form the sole basis for a finding of a violation of community supervision.[2] No objection was raised concerning any failure by the State to comply with the statute setting forth the requirements for admission of a business record.
Crawford does not apply in community supervision revocation proceedings. While due process requires that certain rights be recognized in such revocation proceedings, our supreme court has held that "evidence which may not be admissible in an adversary criminal trial would be admissible in probation or parole revocation proceedings." Bernhardt v. State, 288 So.2d 490, 500 (Fla.1974); see also Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (holding that the revocation of parole is not part of a criminal prosecution, and thus the full panoply of rights due a defendant in such proceedings does not apply to parole revocations); Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (applying Morrissey to probation revocation proceedings).
Recently the Washington Supreme Court in State v. Abd-Rahmaan, 154 Wash.2d 280, 111 P.3d 1157 (2005), was faced with the question of whether the dictates of Crawford were applicable in community supervision revocation proceedings. That court concluded that Crawford did not apply in such cases, and persuasively reasoned,
Abd-Rahmaan argues that the rule articulated in Crawford should apply to the right to confront witnesses at a sentence modification hearing because the right to confront a witness in a parole revocation hearing under Morrissey incorporates the guaranties of the Sixth Amendment. He contends that no constitutionally permissible means exist to assess the reliability of testimonial evidence absent confrontation. We disagree.
The confrontation clause of the Sixth Amendment explicitly applies to "criminal prosecutions." The United States Supreme Court and this court have recognized the different due process requirements existing in parole revocation hearings as opposed to the right to confrontation in criminal prosecutions. For the purposes of confrontation, the former are analyzed under the Fourteenth Amendment, while the latter are analyzed under the Sixth Amendment. By its own terms, the guaranties [sic] of the Sixth Amendment do not apply in these post-conviction settings, but to "criminal prosecutions." We also note that in Crawford, the United States Supreme Court analyzed the right to cross-examine witnesses exclusively within the context of the confrontation clause of the Sixth Amendment. Congruent with the explicit terms of the Sixth Amendment, the Crawford holding applies to criminal prosecutions and does not require prior cross-examination of testimonial evidence in civil proceedings or in post-conviction hearings.
While the United States Supreme Court overruled [Ohio v.] Roberts, [448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980),] in Crawford, we find no indication that it overruled the decisions in Morrissey and Scarpelli. The minimum rights guaranteed an individual in a parole revocation hearing as outlined in Morrissey are grounded in the due process clause of the Fourteenth *627 Amendment, not the Sixth Amendment. No meaningful difference exists between sentence modification hearings and parole revocation hearings for the purposes of this inquiry; both settings involve the potential deprivation of a conditional liberty. In Morrissey and Scarpelli, the United States Supreme Court held that part of the process required in a parole revocation hearing was the right to confront adverse witnesses unless good cause existed not to allow the confrontation. The Court clarified in Scarpelli that it did not intend to limit the use of alternatives to live testimony in these settings, explicitly including affidavits and other documentary evidence, which would otherwise be considered hearsay. Again, although an individual is guaranteed some rights in post-conviction hearings, it is not the "full panoply of rights" guaranteed a defendant in a criminal prosecution.
We find nothing in Crawford to support Abd-Rahmaan's argument that the United States Supreme Court intended to overrule Morrissey and Scarpelli, and we will not find it by implication. Since sentence modification hearings are not criminal prosecutions, the more flexible confrontation requirements under the due process clause of the Fourteenth Amendment still control. As we stated in [State v.] Dahl, [139 Wash.2d 678, 990 P.2d 396 (1999),] "[t]he minimal due process right to confront and cross-examine witnesses is not absolute."
Id. at 1160-61 (internal citations omitted).
As the Abd-Rahmaan court also pointed out, the overwhelming majority of federal decisions have found the Crawford rationale inapplicable in community supervision revocation proceedings. See id. at 1161. In fact, the Second Circuit in United States v. Aspinall, 389 F.3d 332, 342-43 (2d Cir.2004), abrogation on other grounds recognized in U.S. v. Fleming, 397 F.3d 95 (2d Cir.2005), and the Eighth Circuit in United States v. Martin, 382 F.3d 840, 844 (8th Cir.2004), have both held that Crawford does not apply in probation violation proceedings because "[n]othing in Crawford, which reviewed a criminal trial, purported to alter the standards set by Morrissey/Scarpelli or otherwise suggested that the Confrontation Clause principle enunciated in Crawford is applicable to probation revocation proceedings." Aspinall, 389 F.3d at 343.[3] In addition to recognizing the Second Circuit's decision in Aspinall, the Abd-Rahmaan court also noted,
Similarly, in United States v. Barraza, 318 F.Supp.2d 1031 (S.D.Cal.2004), the United States District Court for the Southern District of California found the rule articulated in Crawford inapplicable in a release revocation proceeding. The court followed precedent of the Ninth Circuit, which established the right to confrontation recognized in Morrissey as a due process right emanating from the Fourteenth Amendment, not from the Sixth Amendment. The court concluded that the United States Supreme Court did not implicitly overrule Morrissey and Scarpelli in its decision in Crawford.

Abd-Rahmaan, 111 P.3d at 1161 (footnote citations to United States v. Daniel, 209 F.3d 1091 (9th Cir.2000), and United States v. Comito, 177 F.3d 1166 (9th Cir. 1999), omitted).
Finally, a decision by this court declaring Crawford applicable in community supervision *628 revocation proceedings would result in prejudice to the State far outweighing any perceived confrontation violations suffered by an accused probation or community control violator. This is true because in the overwhelming majority of such cases the nature of the illegal substance is not at issue. Under the present system affidavits are accepted without objection. Were we to accept appellant's position, defense attorneys would object to the admission of written lab reports in revocation proceedings, even when there was no dispute concerning the nature of the substance, if the analyst who prepared the report was not present to testify as to the findings set forth in the report. As a result, the State would be put to great expense even though in most cases the defendant would suffer no prejudice from the admission of the written report. In those cases where there is a true dispute concerning the nature of the substance, and the defense can show some lack of trustworthiness in the lab report, the report will be inadmissible. See § 90.803(6)(a), Fla. Stat.
Because the issue resolved in this case has not been previously decided in Florida, we certify to the Florida Supreme Court that we have passed upon the following question of great public importance:
DOES THE "TESTIMONIAL HEARSAY" RULE SET FORTH IN CRAWFORD V. WASHINGTON, 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177] (2004), APPLY IN COMMUNITY CONTROL AND/OR PROBATION REVOCATION PROCEEDINGS?
AFFIRMED.
VAN NORTWICK and BROWNING, JJ., concur.
NOTES
[1] The supreme court has adopted this amendment to the extent it constitutes a rule of procedure. See generally Amendments to the Florida Evidence Code, 891 So.2d 1037 (Fla. 2004).
[2] We reject the latter contention because the rule argued by appellant applies only to inadmissible hearsay. See Davis, 562 So.2d at 433.
[3] Like the Abd-Rahmaan court, we too have found only the one federal district court case of Ash v. Reilly, 354 F.Supp.2d 1 (D.D.C. 2004), holding that Crawford is applicable in revocation proceedings. See Abd-Rahmaan, 111 P.3d at 1161 n. 3.