931 So.2d 1062 (2006)
Patricia Ann JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3316.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm an order revoking and terminating Jackson's probation. Jackson, on probation for aggravated battery, was violated for an incident in which her fiancé, the victim, called 911 for help. He told the dispatcher and, later, the responding officer, that Jackson, apparently intoxicated, had rammed his vehicle with hers, more than once, and had hit him in the mouth. The victim did not testify. The evidence included admission of a tape of the 911 call *1063 from the victim and a written victim statement given to the police.
The issues on appeal are whether the trial court should have excluded the 911 tape as hearsay and whether it and the written statement are barred by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Initially, we conclude that the record supports the trial court's conclusion that the 911 tape was an excited utterance, and not hearsay. Further, the 911 tape described events as they were actually happening and was neither testimonial, nor violative of Crawford in any circumstance. Davis v. Washington, ___ U.S. ___, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).
We agree with both the First and Fifth Districts that Crawford is inapplicable in probation revocation proceedings; however, were this the criminal proceeding on the incident and not a violation of probation, the written statement would not be admissible under Crawford.
In Russell v. State, 920 So.2d 683 (Fla. 5th DCA 2006), the reviewing court affirmed revocation of the defendant's probation based upon the victim's hearsay and a police officer's testimony. The Russell court looked to two federal circuits for guidance and recognized that a defendant is not entitled to the "full panoply of rights due a defendant in criminal proceedings." Id. at 685 (quoting Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).
Similarly, in Peters v. State, 919 So.2d 624 (Fla. 1st DCA 2006), revocation of a defendant's community control was affirmed and the question certified as to whether the testimonial hearsay rule in Crawford applied in community control and/or probation revocation proceedings. There, the admitted evidence was in a business record of an independent laboratory setting forth the results of drug tests. In Peters, the court recognized that Crawford does not apply in community control revocation proceedings, as "evidence which may not be admissible in an adversary criminal trial would be admissible in probation or parole revocation proceedings." Id. at 626 (quoting Bernhardt v. State, 288 So.2d 490, 500 (Fla.1974)).
Therefore, the order and sentence are affirmed, and we certify to the supreme court the same Crawford issue certified in Peters: Whether the Crawford hearsay rule applies in community control and probation revocation proceedings.
POLEN, J., concurs.
FARMER, J., concurs in result and certified question only.