946 So.2d 114 (2007)
Lindsey L. WILCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3753.
District Court of Appeal of Florida, Fifth District.
January 5, 2007.
*115 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Lindsey Leon Wilcher appeals the order revoking his probation, arguing that a urine report compiled by Scientific Testing Laboratories, Inc., was erroneously entered into evidence as a business record. Specifically, Wilcher argues that the admission of the urine test, which reported a positive result for cocaine, should not have been admitted over objection at his probation revocation hearing because it violated Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Precedent from this court and others tells us that Wilcher is wrong and directs that we affirm the order under review.
In Russell v. State, 920 So.2d 683 (Fla. 5th DCA) (affirming revocation of defendant's probation based upon victim's hearsay and officer's testimony), review granted, 926 So.2d 1270 (Fla.2006), we concluded that Crawford is inapplicable in probation revocation proceedings. Likewise, in Peters v. State, 919 So.2d 624 (Fla. 1st DCA), review granted, 924 So.2d 809 (Fla.2006), the court affirmed the revocation of a defendant's community control based upon business record evidence from an independent laboratory showing the defendant's positive drug test. The court in Peters certified to the Florida Supreme Court the question whether the testimonial hearsay rule in Crawford applied in community control and/or probation revocation proceedings. Expressing agreement with Russell and Peters, the Fourth District Court, in Jackson v. State, 931 So.2d 1062, 1063 (Fla. 4th DCA 2006), similarly held that Crawford is inapplicable in probation revocation proceedings and certified the same question as was certified in Peters.
Wilcher acknowledges that the cases we have cited are against him and lead to a result that provides him no relief, but asks this court to certify the question whether Crawford's testimonial hearsay rule applies to probation and community control revocation proceedings. We grant that request and certify the following question to the Florida Supreme Court as one of great public importance:
DOES THE "TESTIMONIAL HEARSAY" RULE SET FORTH IN CRAWFORD V. WASHINGTON, 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177] (2004), APPLY IN COMMUNITY CONTROL AND/OR PROBATION REVOCATION PROCEEDINGS?
AFFIRMED; QUESTION CERTIFIED.
TORPY and EVANDER, JJ., concur.