ON MOTION FOR REHEARING OR CLARIFICATION

PER CURIAM.
We grant appellant’s motion for rehearing or clarification, withdraw the original opinion,[1] and substitute the following modified opinion.
James Massery pled nolo contendere to felony battery in 2004, and the trial court sentenced him to 47 months in prison, which was suspended if he were to complete three years of probation, a “true split sentence” under Poore v. State, 531 So.2d 161,- 164 (Fla.1988). After subsequently finding that Massery had violated probation, the lower court revoked his probation and sentenced him to prison for the remainder of the time outstanding in the original 47 months. On appeal, Massery contends the lower court erred by admitting the results of a lab report, over his objection that the report was hearsay and violated his right to confrontation under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed.2d 177 (2004).
We affirm the order of revocation, in which the lower court determined that Crawford did not apply to Massery’s probation-revocation proceeding. Because Massery’s prosecution was completed once the trial court imposed a true split sentence following his conviction, it is clear that the Sixth Amendment right to confrontation did not apply to the probation-revocation proceeding.
We certify the following question to be of great public importance, slightly modified from the questions in Peters v. State, 919 So.2d 624 (Fla. 1st DCA), review granted, 924 So.2d 809 (Fla.2006); Ramsey v. State, 921 So.2d 779 (Fla. 1st DCA 2006):
*569 DOES THE “TESTIMONIAL HEARSAY” RULE SET FORTH IN CRAWFORD V. WASHINGTON, 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177] (2004), APPLY IN A PROBATION-REVOCATION PROCEEDING INVOLVING A DEFENDANT WHO RECEIVED A TRUE SPLIT SENTENCE?
ALLEN, J., and ERVIN, III, RICHARD W., Senior Judge, concur.
WOLF, J., concurs with opinion.

. Massery v. State, 32 Fla. L. Weekly D122 (Fla. 1st DCA Dec. 27, 2006).