WOLF, J.,
Concurring.
I concur in affirming the order of revocation. I also concur in the certified question because it accurately reflects the facts in this case.
I write only to respond to any implication which may be drawn from the certified question that our holding in Peters v. State, 919 So.2d 624 (Fla. 1st DCA 2006), is not applicable to all revocation proceedings. The reasoning of this court in Peters as to the application of Crawford to lab reports is equally applicable to all revocation proceedings.
Finally, a decision by this court declaring Crawford applicable in community supervision revocation proceedings would result in prejudice to the State far outweighing any perceived confrontation violations suffered by an accused probation or community control violator. This is true because in the .overwhelming majority of such cases the nature of the illegal substance is not at issue. Under the present system affidavits are accepted without objection. Were we to accept appellant’s position, defense attorneys would object to the admission of written lab reports in revocation proceedings, even when there was no dispute concerning the nature of the substance, if the analyst who prepared the report was not present to testify as to the findings set forth in the report. As a result, the State would be put to great expense even though in most cases the defendant would suffer no prejudice from the admission of the written report. In those cases where there is a true dispute concerning the nature of the substance, and the defense can show some lack of trustworthiness in the lab report, the report will be inadmissible. See § 90.803(6)(a), Fla. Stat.
Id. at 627-28.
In fact, we have applied the Peters reasoning in a probation revocation case not involving a true split sentence. . See Ramsey v. State, 921 So.2d 779 (Fla. 1st DCA 2006). There is no valid basis for treating other types of probation revocation cases differently than those involving true split sentencing.