FULMER, Chief Judge.
Ben Hawthorne appeals from an order revoking his probation. We affirm the revocation of Hawthorne’s probation, remand for the trial court to enter corrected revocation and cost orders, and certify a question to the supreme court.
Hawthorne was on probation for acts that occurred in 1992 and were charged in two separate cases. In August 2004, while still on probation, he was charged with possessing cocaine. The charge was tried by a jury and, along with an alleged failure to pay costs, served as the basis of an affidavit of violation of probation. The parties stipulated that the evidence heard by the jury would be used by the court to resolve the allegation of violation of probation. The jury found Hawthorne not guilty. Subsequently, however, the court found that Hawthorne did possess cocaine and therefore revoked his probation.
We conclude that Hawthorne’s first argument on appeal, concerning the sufficiency of the evidence considered by the court in revoking his probation, is without merit and therefore comment no further. Hawthorne’s second argument is that his rights under the Confrontation Clause, as construed by the Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), were violated when the trial court, for the purposes of revocation, relied on the trial testimony of the supervisor of the technician who had conducted the analysis of the cocaine in question at a Florida Department of Law Enforcement (FDLE) laboratory. At Hawthorne’s jury trial, the lab technician’s written report was admitted as a business record and testified to by the supervisor rather than the technician himself, who the prosecutor claimed was too ill to appear in court. Aligning ourselves with our sister courts that have considered the issue, we hold that Crawford does not apply in community supervision revocation proceedings. See Wilcher v. State, 946 So.2d 114 (Fla. 5th DCA 2007); Jackson v. State, 931 So.2d 1062 (Fla. 4th DCA 2006); Peters v. State, 919 So.2d 624 (Fla. 1st DCA), review granted, 924 So.2d 809 (Fla.2006). Along with the First, Fourth, and Fifth districts, however, we certify the following question to the supreme court:
DOES THE “TESTIMONIAL HEARSAY” RULE SET FORTH IN CRAWFORD V. WASHINGTON, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), APPLY IN PROBATION AND COMMUNITY CONTROL REVOCATION PROCEEDINGS?
Hawthorne raises two sentencing errors that require us to remand for the trial court to make the necessary corrections. The first concerns an error on the order revoking Hawthorne’s probation. The original affidavit of violation of probation alleged that Hawthorne violated condition 2 (requiring him to pay costs) and condition 5 (requiring him to obey the law). At his revocation and sentencing hearing, the court found that Hawthorne illegally possessed cocaine, but the court did not explicitly refer to “condition 5.” The court also found that Hawthorne had violated condition 11 (prohibiting Hawthorne from possessing illegal drugs), which was not alleged in the affidavit. The written revocation order likewise lists condition 11 but not condition 5. In response to a motion filed by Hawthorne under Florida Rule of Criminal Procedure 3.800(b)(2), the trial court attempted to correct the revocation order by using two “Memo of Sentence” forms (one for each underlying 1992 of *753 fense) stating “cond 11 was listed in error — it should be cond 5 that is listed.” The Memo of Sentence forms are unsigned.
We note first that the original revocation order was invalid because it listed as the sole basis for revocation a condition of probation not alleged in the affidavit. See McNeil v. State, 908 So.2d 556 (Fla. 2d DCA 2005) (remanding for the trial court to correct condition numbers on written order to conform to oral pronouncement).[1] However, the court’s attempt to correct the order failed because the Memo of Sentence is inadequate to serve as a revocation order, see Monroe v. State, 760 So.2d 289, 289-90 (Fla. 2d DCA 2000), especially when unsigned, see Akridge v. Crow, 903 So.2d 346, 350 (Fla. 2d DCA 2005). On remand, the trial court shall enter a formal written order revoking Hawthorne’s probation, listing condition 5 and omitting condition 11.
Hawthorne’s second sentencing error concerns costs imposed for his underlying 1992 offenses and reimposed as liens at his revocation and sentencing hearing.[2] In his rule 3.800(b)(2) motion, filed April 12, 2006, Hawthorne raised the cost errors he asserts on appeal, and the court purported to correct one of the errors in the unsigned Memo of Sentence described above. The court then attempted to correct the deficient Memo of Sentence with a signed order. However, the latter order was rendered July 11, 2006, beyond the sixty-day time limit specified in rule 3.800(b). As such, the July 11 order is a nullity and Hawthorne’s motion as to costs is deemed denied. See Moore v. State, 933 So.2d 42, 43 (Fla. 2d DCA 2006). On remand, the trial court shall issue a new order, with respect to case number CF92-2022A1, that corrects the Crimes Compensation Trust Fund cost from $50 to $20, as the court attempted to do in the 3.800(b) proceeding. Additionally, the court shall strike the $20 cost that was originally imposed as the last cost item on the September 3, 1992, written sentence and reimposed upon revocation of probation without statutory authority. See Washington v. State, 685 So.2d 858, 859 (Fla. 2d DCA 1996).
Affirmed in part; reversed in part and remanded with directions; question certified.
NORTHCUTT and SALCINES, JJ., Concur.

. On appeal, Hawthorne also seems to be arguing that the court's oral findings at the revocation hearing were problematic because the court never explicitly said the words “condition 5.” However, he cites no authority standing for the proposition that even when, as here, the court recites facts that support a finding that a condition alleged on the affidavit was in fact violated, the court must also state the condition number in order for the finding to be valid. Furthermore, in his rule 3.800(b)(2) motion, Hawthorne essentially concedes the validity of the oral pronouncement: "The testimony only went to condition 5.... Thus, only condition 5 should have been on the violation of probation order." We conclude that the court’s oral findings sufficiently support a finding that Hawthorne violated condition 5 of his probation.

. On appeal, Hawthorne withdraws his argument with respect to case number CF92-2063A1. Our discussion here therefore concerns only the costs associated with case number CF92-2022A1.