958 So.2d 1029 (2007)
Douglas A. BITZER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3358.
District Court of Appeal of Florida, Fifth District.
June 1, 2007.
Rehearing Denied June 29, 2007.
James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
The defendant appeals from the revocation of his probation. We have carefully considered his claims and affirm, save for one aspect. Both the defendant and State agree that the written order of revocation contains a scrivener's error. The trial court verbally pronounced only that the defendant had violated condition (3) of his probation but the written order of revocation recites violations of conditions (3), (9) and (45). It is well settled that where a written order does not conform to the trial court's oral pronouncement, the oral pronouncement controls. Knight v. State, 954 So.2d 1266 (Fla. 5th DCA 2007); McNeil v. State, 908 So.2d 556 (Fla. 2d DCA 2005).
The cause is remanded solely for the purpose of enabling the trial court to enter a written order of revocation of probation, nunc pro tunc, in accordance with its oral pronouncement. The defendant need not be present for this correction. Knight.
AFFIRMED, REMANDED for correction of scrivener's error.
GRIFFIN and LAWSON, JJ., concur.