PER CURIAM.
 

 Defendant appeals a revocation of probation, following his admission to certain violations of probation. We affirm the order, but remand for the court to correct the revocation on the basis of an unproven ground.
 

 At the revocation hearing, the defendant admitted the violations of conditions relating to reporting and restitution, but did not admit the violation of condition 5, commission of a new violation of law. The State informed the court that it had no evidence of any new violation of law. The court nonetheless (inadvertently, no doubt) included this violation in the order revoking probation.
 

 The violation on the basis that defendant committed a new violation of law must be corrected on remand, because a violation of probation must be proven by a preponderance of the evidence.
 
 Michael v. State,
 
 992 So.2d 367, 369 (Fla. 1st DCA 2008);
 
 Francois v. State,
 
 923 So.2d 1219 (Fla. 3d DCA 2006). The defendant admitted the other two grounds; we, therefore, affirm the revocation but remand to the trial court to correct the sentence to omit any reference to the new violation of
 
 *1066
 
 law.
 
 See Bitzer v. State,
 
 958 So.2d 1029 (Fla. 5th DCA 2007). The defendant need not be present for this correction.
 

 Affirmed in part, reversed in part and remanded for correction of sentence.